■ DEBORAH D. AGEE, Respondent, v READ Q SYSTEMS, INC., Appellant.— Order, Supreme Court, New York County, entered March 16, 1978, denying defendant's motion to dismiss the complaint for failure to state a cause of action, unanimously reversed, on the law and in the exercise of discretion, and the motion granted, with costs and disbursements. This is without prejudice to plaintiff's making an application at Special Term for leave to replead. Deborah D. Agee was hired by Read Q Systems as an account manager. Agee was salaried. In addition to the base salary, she was allegedly entitled to commissions of 4% of the gross price of all computer hardware "sold by virtue of plaintiff's efforts," as well as an additional 4% of all fees for consultations received by Read Q on sales obtained through Agee's efforts. The additional remuneration was allegedly the result of an oral agreement. Agee brought this action to enforce the agreement. Read Q moved at Special Term to dismiss the complaint for failure to state a cause of action. Special Term denied the motion. We would reverse. This alleged oral agreement was subject to the bar of the Statute of Frauds (General Obligations Law, § 5-701, subd a, par 1). The agreement, by its terms as described by Agee, involved a service contract of indefinite duration; namely, commissions to be paid for consultations resulting from Agee's sales of computer equipment, as well as commissions for subsequent purchases of hardware and software by customers procured by Agee. In sum, the oral agreement alleged was one for commissions, and performance of the agreement was dependent upon a third party rather than upon the parties to the alleged oral contract. The agreement, as described, falls therefore within the bar of the Statute of Frauds *(North Shore Bottling Co. v Schmidt & Sons,* 22 NY2d 171, 177-178). Agee urges, however, that the oral agreement regarding commissions for sales of hardware and software did not contemplate payment for sales made after termination of her employment, and that her employment was terminable at will. The complaint as it presently stands does not state such limitations. We have, accordingly, in the exercise of our discretion, granted Agee leave to apply to Special Term to replead (cf. *Cushman & Wakefield v John David, Inc.,* 25 AD2d 133). Concur—Murphy, P. J., Sullivan, Bloom, Lane and Lupiano, JJ.