■ JAMES B. DICKENSON, Individually and on Behalf of Himself as Shareholder of DICKENSON AGENCY, INC., Respondent, v DICKENSON AGENCY, INC., et al., Appellants.—Order affirmed without costs. Memorandum: Plaintiff was employed by defendant Dickenson Agency, Inc. as an insurance salesman from 1957 until June 16, 1980. After his termination, plaintiff brought suit seeking, inter alia, commissions (first and second causes of action) and bonuses (fifth and sixth causes of action) which he asserted were earned during his employment. The complaint alleges that under the parties' oral employment agreement plaintiff was entitled to be compensated on a commission basis when he sold an insurance

policy and when a policy he had previously sold was renewed. The agreement also provided that plaintiff was entitled to receive renewal commissions "whether or not renewed subsequent to his termination of employment". The complaint further alleged an oral agreement between the parties as directors and officers of defendant agency for the payment of bonuses in lieu of dividend payments in ratio to stock ownership.

Defendants appeal from an order denying their cross motion for summary judgment. They contend plaintiff's causes of action are barred by the Statute of Frauds (General Obligations Law § 5-701 [a] [1]). Special Term properly dismissed plaintiff's third and fourth causes of action seeking commissions earned on policies renewed subsequent to his termination of employment as falling within the Statute of Frauds and there is no cross appeal by plaintiff from this determination. As a general rule, if part of an entire contract is void under the Statute of Frauds, the whole of such contract is void *(De Beerski v Paige,* 36 NY 537, 539). Where, however, a parol contract is a severable one, i.e., susceptible of division and apportionment, having two or more parts not necessarily dependent upon each other, those which, if standing alone, are not required to be in writing, may be enforced *(see, Markey v Kelly,* 10 AD2d 650, 651; 56 NY Jur, Statute of Frauds, §§ 322-325, 329). Here, that part of the oral agreement entitling plaintiff to commissions on policies sold or renewed during his employment was clearly valid and was divisible from that invalid part of the agreement providing for commissions earned on policies renewed subsequent to plaintiff's termination. Since the consideration for these separate promises is capable of apportionment without doing violence to the terms of the contract, or without making a new contract for the parties, Special Term properly denied defendants' cross motion to dismiss plaintiff's first and second causes of action. The dissent fails to recognize the well-established principle that the Statute of Frauds only applies to agreements which are, by express stipulation, not to be performed within a year. It does not apply to an agreement which appears by its terms to be capable of performance within the year; nor to cases in which the performance of the agreement depends upon a contingency which may or may not happen within the year *(North Shore Bottling Co. v Schmidt & Sons,* 22 NY2d 171, 176).

We also reject defendants' contention that the fifth and sixth causes of action, those seeking bonuses, are barred by

the Statute of Frauds. the parties' agreement providing for the payment of bonuses was for an indefinite period and performance was solely dependent upon the will of the parties. Therefore, by its terms, the agreement was not one which extended beyond one year from the time of its making, and it is not within the Statute of Frauds (see, Nat Nal Serv. Stas. v Wolf, 304 NY 332).

All concur, except Davis, J., who dissents and votes to modify, in the following memorandum.

Davis, J. (dissenting). I respectfully dissent from the majority's conclusion that plaintiff's (Dickenson) first and second causes of action in the first amended complaint are not barred by the Statute of Frauds. The applicable Statute of Frauds provides:

"a. Every agreement, promise or undertaking is void, unless it or some note or memorandum thereof be in writing, and subscribed by the party to be charged therewith, or by his lawful agent, if such agreement, promise or undertaking:

"1. By its terms is not to be performed within one year from the making thereof or the performance of which is not to be completed before the end of a lifetime". (General Obligations Law § 5-701 [a] [1].)

In paragraphs 13 and 15 of Dickenson's complaint, he made the following allegations:

"13. That from approximately 1957 until June of 1980, plaintiff was employed as an insurance agent by Dickenson Agency, Inc. under an oral agreement of employment whereby the plaintiff was entitled to be compensated for insurance policies sold in the amount of 50% of the commissions received by the agency, and in the amount of 50% of renewal commissions received by the agency on those policies previously sold * * *

"15. That in accordance with the compensation arrangement entered into between defendant Dickenson Agency, Inc. and the plaintiff, the plaintiff is entitled to receive renewal commissions upon all insurance policies sold by the plaintiff and renewed, whether or not renewed subsequent to his termination of employment."

Dickenson thus admitted that he had no written employment contract with defendant Agency and that his oral contract contemplated commissions both during his employment by the Agency and after his employment terminated. Dickenson's sworn allegations bring the first and second causes of action squarely within the Statute of Frauds. Dickenson has

alleged the existence of an "oral commission sharing agreement" which is not by its terms performable within one year.

This case falls within the rule enunciated in the case of *McCollester v Chisholm* (104 AD2d 361, *affd* 65 NY2d 891). In *McCollester (supra,* at 361-362), the Second Department held: "A service contract of indefinite duration, in which one party agrees to procure customers, or accounts, or orders on behalf of the second party, is not by its terms performable within one year—and hence must be in writing and signed by the party to be charged—since performance is dependent, not upon the will of the parties to the contract, but on that of a third party [citations omitted]." *(See also, Zupan v Blumberg,* 2 NY2d 547).

Accordingly, I would reverse Special Term's denial of defendant's cross motion dismissing Dickenson's first and second causes of action. With respect to the fifth and sixth causes of action contained in the first amended complaint, I concur with the majority. (Appeal from order of Supreme Court, Erie County, Wolfgang, J.—dismiss causes of action.) Present—Dillon, P. J., Callahan, Green, Balio and Davis, JJ.