■ ARMORED MOTOR SERVICE OF AMERICA, INC., Respondent, v FIRST FEDERAL SAVINGS AND LOAN ASSOCIATION OF ROCHESTER, Appellant.—Order unanimously reversed on the law with costs and defendant's motion granted. Memorandum: Special Term erred in denying defendant's motion for summary judgment dismissing the complaint on the ground that the cause of action may not be maintained because of the Statute of Frauds. The complaint alleges that the parties entered into an agreement which provided that plaintiff would supply courier service for defendant for a period of two years, and that the agreement could be terminated only for cause. The agreement is void because, by its terms, it was not to be performed within one year and it, or some note or memorandum thereof, was not in writing (see, General Obligations Law § 5-701 [a] [1]).

Plaintiff contends that the Statute of Frauds was satisfied by memoranda signed by, or chargeable to, defendant. The memoranda, however, did not contain essential terms of the agreement, particularly its duration and the provision for termination. Those terms may not be supplied by parol evidence (see, Dorman v Cohen, 66 AD2d 411; Brause v Goldman, 10 AD2d 328, affd 9 NY2d 620). Plaintiff's reliance upon Crabtree v Arden Sales Corp. (305 NY 48) is misplaced. In Crabtree (supra), all the essential terms of the agreement were contained in memoranda either signed by, or chargeable to, the defendant. Here, plaintiff attempted to use its own memorandum to establish the duration of the agreement and the provision for termination.

Plaintiff further contends that defendant is estopped from pleading the Statute of Frauds because, in reliance upon the oral agreement, plaintiff purchased vehicles to supply the courier service for defendant. In his oral deposition, however, plaintiff's president admitted that no agreement had been reached at the time plaintiff purchased the vehicles and that the parties were then in disagreement concerning the duration of the agreement and the provision for termination. Under those circumstances, the doctrine of estoppel does not apply. That doctrine is reserved for a limited class of cases where it is unconscionable to deny the promise upon which

plaintiff has relied *(Buddman Distribs. v Labatt Importers,* 91 AD2d 838, 839; *see also, Rose v Spa Realty Assocs.,* 42 NY2d 338, 344). Here, at the time plaintiff purchased the trucks, defendant had made no promise upon which plaintiff could rely.

Finally, the agreement may not be enforced under the doctrine of partial performance because plaintiff's performance was not " 'unequivocally referable' " to the oral agreement *(Anostario v Vicinanzo,* 59 NY2d 662, 664). (Appeal from order of Supreme Court, Monroe County, Dugan, J.—summary judgment.) Present—Dillon, P. J., Callahan, Pine, Lawton and Davis, JJ.