PAUL J. APOSTOLOS, Appellant, v R.D.T. BROKERAGE CORP., Respondent.

First Department, July 17, 1990

## APPEARANCES OF COUNSEL

*Nicholas D. Yuelys* for appellant.

*Mark Skolnick* of counsel *(Skolnick & Hochberg, P. C.,* attorneys), for respondent.

## OPINION OF THE COURT

ELLERIN, J.

At issue on this appeal is the enforceability of all, or part, of an agreement for the sharing of commissions earned by the placement and subsequent renewals of insurance policies.

Plaintiff's complaint alleged that he and defendant were parties to an oral agreement concerning the placement of business by plaintiff, a licensed insurance broker, through defendant, a general insurance brokerage company. The parties agreed that, in accordance with the custom and usage of the insurance business, defendant would pay plaintiff one half of any commissions it received on policies resulting from business produced by plaintiff and placed through defendant. They further agreed that defendant would pay plaintiff one half of any commissions it received on renewals of policies that had originally been placed through defendant by plaintiff. Pursuant to this agreement, defendant paid plaintiff a percentage of the commissions for the new policies which it had accepted from plaintiff and for subsequent renewals of any of those policies until it terminated the agreement in June 1987. Since that time it had withheld payments already due at the time of termination on original policies placed and had further refused to pay plaintiff a share of the commissions received for renewals on policies previously placed. Plaintiff

sought an accounting and recovery for both his share of commissions on original policies placed by him through defendant and for his share of commissions on renewals of previously placed policies.

Defendant moved to dismiss the complaint for failure to state a cause of action pursuant to CPLR 3211 (a) (7), alleging, *inter alia,* that the agreement, which was entered into in 1984, was unenforceable under the Statute of Frauds. In his reply plaintiff noted that the agreement was terminable at will by either party. The IAS court granted the motion and dismissed the action as barred by the statute.

The Statute of Frauds applicable herein, General Obligations Law § 5-701 (a), provides in pertinent part:

"Every agreement, promise, or undertaking is void, unless it or some note or memorandum thereof be in writing, and subscribed by the party to be charged therewith, or by his lawful agent, if such agreement, promise or undertaking:

"1. By its terms is not to be performed within one year from the making thereof".

It has long been held that the statute will be strictly construed so that it is "limited * * * to those contracts only which by their very terms have absolutely no possibility in fact and law of full performance within one year." *(D & N Boening v Kirsch Beverages,* 63 NY2d 449, 454.) Since, if a contract is terminable at will, it is capable of performance within a year, it is not within the statutory proscription, regardless of the length of time it actually remains in effect. For example, in *Nat Nal Serv. Stas. v Wolf* (304 NY 332), defendant promised to pay plaintiff a discount so long as plaintiff purchased certain brands of gasoline. The court held that the oral agreement was valid because, since there was no continuing obligation to enter into new orders for gasoline, neither party obligated itself to any enduring liability. Indeed, even if defendant must discontinue the business in which plaintiff is a participant in order to terminate his obligation, if it is within his power under the agreement to do so within a year, the agreement is not within the Statute of Frauds. *(North Shore Bottling Co. v Schmidt & Sons,* 22 NY2d 171.)

However, if the terms of the agreement provide that it is not within the defendant's power to terminate his obligation without thereby breaching the agreement, the Statute of Frauds must apply. Thus, a promise to pay commissions that extends indefinitely, dependent solely on the acts of a third

party and beyond the control of the defendant, is within the statute and must be in writing. *(Zupan v Blumberg,* 2 NY2d 547; *Martocci v Greater N. Y. Brewery,* 301 NY 57; *Cohen v Bartgis Bros. Co.,* 264 App Div 260, *affd* 289 NY 846.) Under this rationale, in *McCollester v Chisholm* (104 AD2d 361, *affd* 65 NY2d 891), the court held that a service contract of indefinite duration in which the parties agreed that plaintiff would obtain business on behalf of the defendant, who in turn would share the commissions received as a result of that business, was within the statute.

█ In this case the facts before the court on the motion to dismiss reveal that defendant was free at any time to decline to accept new business brought in by plaintiff. Since the agreement was thus terminable at will as to the earning of commissions on original policies placed by plaintiff through defendant, defendant's agreement to pay commissions for original policies was not within the statute *(Nat Nal Serv. Stas. v Wolf,* 304 NY 332, *supra).*

However, this was not the full agreement encompassed within the contract as alleged by plaintiff. Defendant also promised to pay plaintiff a percentage of the commission earned every time one of the policies which plaintiff had originally placed with defendant was renewed. There was no allegation that defendant could decline to accept these renewals nor any allegation that defendant was only liable for commissions for renewals that were made during the pendency of the agreement, either of which would bring this portion of the agreement outside the statute. *(Cf., Agee v Read Q Sys.,* 70 AD2d 805.) The potential for defendant's liability to plaintiff pursuant to this promise was therefore indefinite and completely within the control of third parties, i.e., the holders of the policies eligible for renewal. Under these circumstances, this portion of the contract was within the Statute of Frauds and, in the absence of a writing, was unenforceable. *(See, McCollester v Chisholm, supra.)*

As a general rule, if part of an entire contract is void under the Statute of Frauds, the whole contract is void. *(De Beerski v Paige,* 36 NY 537, 539.) However, where an oral agreement is a severable one, i.e., susceptible of division and apportionment, having two or more parts not necessarily dependent upon each other, that part which, if standing alone, is not required to be in writing, may be enforced, provided such apportionment of the agreement may be accomplished without doing violence to its terms or making a new contract for the

parties. *(Dickenson v Dickenson Agency,* 127 AD2d 983; *see also, Howell v Garrett & Co.,* 218 App Div 322, 329.)

■ The contract alleged herein is easily divisible into two such separate parts. The first part provided that plaintiff would share commissions with defendant on original policies placed by plaintiff through defendant. Once the policy was placed, the transaction was completed, and commissions would immediately become due for the initial term. As earlier indicated, since defendant was free to decline the placement of new policies at any time, that part of the agreement was capable of performance within a year and not proscribed by the statute. With respect to the second part of the agreement —i.e., the separate promise by defendant to pay commissions on subsequent renewals of any policies—since renewals were solely dependent upon the acts of third parties, it would be barred by the statute. Significantly, however, whether or not a particular policy was renewed would constitute a completely separate and distinct transaction which would in no way alter the fact of the original placement of that policy nor impact on the commissions due by virtue of that placement. Under these circumstances, we find that the contract should be severed and plaintiff permitted to proceed on the part of the action which seeks commissions earned on original policies placed by plaintiff through defendant.

Judgment, Supreme Court, Bronx County (Jack Turret, J.), entered on or about August 4, 1989, which dismissed plaintiff's complaint for failure to state a cause of action, should be modified, on the law, to reinstate that part of the action which seeks commissions earned on original policies placed by plaintiff through defendant before plaintiff's relationship with defendant was terminated in June 1987, and otherwise affirmed, without costs, the appeal from the order of the same court, entered July 11, 1989, granting defendant's motion to dismiss the complaint, dismissed as subsumed in the appeal from the judgment, without costs.

SULLIVAN, J. P., ROSS, ROSENBERGER and RUBIN, JJ., concur.

Judgment, Supreme Court, Bronx County, entered on or about August 4, 1989, unanimously modified, on the law, without costs and without disbursements, to reinstate that part of the action which seeks commissions earned on original policies placed by plaintiff through defendant before plaintiff's

relationship with defendant was terminated in June 1987, and otherwise affirmed; and the appeal from the order of said court entered on July 11, 1989 is dismissed as subsumed in the appeal from the judgment, without costs and without disbursements.