■ WARNER & WHITNEY LTD., INC., Appellant, v UNION CAMP CORPORATION, Respondent.—Levine, J. Appeal from an order and judgment of the Supreme Court (Connor, J.), entered November 28, 1989 in Ulster County, which granted defendant's motion for summary judgment dismissing the second amended complaint.

In late 1980, plaintiff, a broker of forest products, entered into an oral contract with defendant, a manufacturer of various forest products, whereby plaintiff agreed to arrange for the sale of unbleached kraft linerboard manufactured by defendant to Castle and Cooke, Inc. in exchange for a 3% commission. Shortly after defendant commenced selling linerboard to Castle and Cooke, plaintiff wrote a letter to defendant requesting that it "[write] a brief note recognizing [plaintiff] as the broker of record for all sales between [defendant] and Castle & Cooke". Along with this letter, plaintiff included a letter it had received from Castle and Cooke which recognized plaintiff "as the broker[] of record for all of Castle & Cooke's purchases between [defendant] and [its] subsidiaries". In March 1981, defendant's representative responded to plaintiff's correspondence in a letter which stated, in relevant part, that: "I am more than happy to confirm the fact that [plaintiff is] at present the broker[] of record for [defendant] on sales of our linerboard to Castle & Cooke. We would not sell through another broker as long as our business continues. Obviously you have done an outstanding job for us and we want to continue it."

The relationship between plaintiff and defendant continued under their agreement until March 1987, when defendant informed plaintiff that it would no longer pay commissions on its sales to Castle and Cooke. Defendant, however, offered to pay and plaintiff accepted commission payments through March 1988.

Thereafter, plaintiff commenced the instant action for breach of contract, seeking to recover commissions allegedly due on linerboard sales from defendant to Castle and Cooke.

Defendant moved for summary judgment dismissing plaintiff's complaint upon the ground that, *inter alia,* the parties' contract was unenforceable under the Statute of Frauds. Supreme Court granted defendant's motion, concluding that the brokerage agreement was required to be in writing and that the written memoranda were insufficient to satisfy the Statute of Frauds. This appeal by plaintiff ensued.

In our view, Supreme Court properly granted defendant's motion for summary judgment. Under plaintiff's version of the parties' agreement, it would continue to be entitled to commissions as long as Castle and Cooke purchased from defendant. Such a contract must be in writing. As the Court of Appeals stated in *Zupan v Blumberg* (2 NY2d 547, 550), "[a] service contract of indefinite duration, in which one party agrees to procure customers or accounts or orders on behalf of the second party, is not by its terms performable within a year— and hence must be in writing * * * since performance is dependent, not upon the will of the parties to the contract, but upon that of a third party" *(see,* General Obligations Law § 5-701 [a] [1]; *McCollester v Chisholm,* 104 AD2d 361, 362, *affd* 65 NY2d 891; *cf., North Shore Bottling Co. v Schmidt & Sons,* 22 NY2d 171).

Plaintiff contends, however, that the written memoranda of the parties and of Castle and Cooke, taken together, are sufficient to satisfy the requirements of the Statute of Frauds. We find this argument to be unavailing. In order for written memoranda to meet the requirements of the Statute of Frauds, they must be "subscribed by the party to be charged therewith" (General Obligations Law § 5-701 [a]) and they "must contain all the essential or material terms of the agreement, either expressly or by reasonable implication" (61 NY Jur 2d, Statute of Frauds, § 171, at 263-264; *see, Guzzo v Easterntech Elecs.,* 86 AD2d 717, 718). In this case, no provision regarding the duration of the brokerage contract, which the parties agree is an essential term, was set forth in any written memoranda signed by defendant. Plaintiff alleges that the parties agreed that their contract would cover all sales of linerboard by defendant to Castle and Cooke for as long as defendant did business with Castle and Cooke. This interpretation, however, is not supported by defendant's letter of March 1981, in which it only undertakes not to use any broker other than plaintiff for its linerboard sales to Castle and Cooke.

Nor can plaintiff's version of the parties' agreement be established by its own letter or the letter from Castle and Cooke. Defendant's letter, as previously described, negates any

inference that it agreed to the duration term set forth in those letters. Thus, they are not properly chargeable to defendant (see, Armored Motor Serv. v First Fed. Sav. & Loan Assn., 138 AD2d 954). Accordingly, we conclude that the memoranda were insufficient as a matter of law to satisfy the Statute of Frauds (see, Fox Co. v Kaufman Org., 74 NY2d 136, 143; Bazak Intl. Corp. v Mast Indus., 73 NY2d 113, 118) and, therefore, the parties' contract is unenforceable. Supreme Court's grant of summary judgment in favor of defendant must be affirmed.

Order and judgment affirmed, without costs. Kane, J. P., Weiss, Levine, Mercure and Harvey, JJ., concur.