■ Kevin Murphy, Appellant, v CNY Fire Emergency Services, Inc., Respondent. [639 NYS2d 628]

The court erred in granting defendant's motion for summary judgment dismissing the complaint based upon General Obligations Law § 5-701 (a) (10). That subdivision provides that an agreement is void unless it is "in writing, and subscribed by the party to be charged * * * if such agreement * * * [i]s a contract to pay compensation for services rendered in negotiating a loan, or in negotiating * * * a business opportunity." Because plaintiff merely "alleges that he rendered services in the regular course of his employment for which he has been partially but not fully paid and seeks recovery for the balance due him under the terms of his employment agreement", General Obligations Law § 5-701 (a) (10) is inapplicable (see, Maemone v Koren-DiResta Constr. Co., 45 AD2d 684, 685).

With respect to General Obligations Law § 5-701 (a) (1), we conclude that the court erred in granting that part of defendant's motion seeking summary judgment dismissing the first cause of action, which was predicated upon commissions earned during plaintiff's employment with defendant. The court, however, properly granted that part of the motion with respect to the third cause of action, which was predicated upon commissions that accrued after termination of plaintiff's employment.

General Obligations Law § 5-701 (a) (1) provides that an agreement must "be in writing, and subscribed by the party to be charged * * * if such agreement * * * [b]y its terms is not to be performed within one year from the making thereof." An oral agreement that is terminable at will is capable of performance within one year and, therefore, does not come within the Statute of Frauds (see, North Shore Bottling Co. v Schmidt & Sons, 22 NY2d 171, 176-177; Apostolos v R.D.T. Brokerage Corp., 159 AD2d 62, 64). Although General Obligations Law § 5-701 (a) (1) bars enforcement of "a promise to pay commissions that extends indefinitely, dependent solely on the acts of a third party and beyond the control of the defendant" (Apostolos v R.D.T. Brokerage Corp., supra, at 64-65), where "a parol contract is a severable one, i.e., susceptible of division and apportionment, having two or more parts not necessarily dependent upon each other, those which, if standing alone, are not required to be in writing, may be enforced [citations omitted]" (Dickenson v Dickenson Agency, 127 AD2d 983, 984).

According to the complaint, the oral agreement required de-

fendant to pay commissions on "jobs obtained as a result of referrals" and could be unilaterally terminated by either party at any time. Insofar as the agreement entitles plaintiff to commissions earned during his employment with defendant, it is not barred by General Obligations Law § 5-701 (a) (1); it may be performed within one year and is not subject to the will of a third party but only to defendant's right to terminate plaintiff. That part of the agreement is easily divisible from the part that provides for commissions that accrued subsequent to plaintiff's termination; only the latter part is unenforceable (see, Apostolos v R.D.T. Brokerage Corp., supra, at 65-66; Dickenson v Dickenson Agency, supra, at 984).

We, therefore, modify the order on appeal by denying that part of defendant's motion for summary judgment seeking dismissal of plaintiff's first and second causes of action and reinstating those causes of action. (Appeal from Order of Supreme Court, Onondaga County, Murphy, J.—Summary Judgment.) Present—Green, J. P., Pine, Fallon, Callahan and Boehm, JJ.