■ MARNIE GOLD, Respondent, v BENEFIT PLAN ADMINISTRATORS, INC., Appellant, et al., Defendants. [649 NYS2d 482] —In an action, *inter alia,* to recover damages for breach of an oral employment agreement, the defendant Benefit Plan Administrators, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Goldstein, J.), entered September 7, 1995, as, upon reargument, adhered to a prior determination made in an order of the same court, dated October 12, 1994, denying those branches of its motion which were to dismiss the first cause of action and so much of the eighth cause of action as sought an accounting to calculate the commissions allegedly due to the plaintiff for sales she had finalized before her discharge.

Ordered that the order is affirmed insofar as appealed from, with costs.

The court properly concluded that the oral agreement between the plaintiff and the defendant Benefit Plan Administrators, Inc. (hereinafter Benefit Plan), regarding the plaintiff's entitlement to commissions for sales she finalized prior to her termination was not barred by the Statute of Frauds and was separable from the unenforceable agreement to pay her commissions for renewals *(see, Apostolos v R. D. T. Brokerage Corp.,* 159 AD2d 62, 65-66; *Dickenson v Dickenson Agency,* 127 AD2d 983; *see generally, D & N Boening v Kirsch Beverages,* 63 NY2d 449; *Martocci v Greater N. Y. Brewery,* 301 NY 57; *Rifkind v Web IV Music,* 67 Misc 2d 26). Benefit Plan contends that the agreement regarding commissions for sales completed nonetheless violates the Statute of Frauds because the full amount of the commission, which fluctuated monthly based on the number of employees enrolled in the plan, could not be calculated until the end of the customer's one-year contract term. We find this contention unavailing. Even though the amount of the commissions due could not be determined until some future time, "[s]uch future satisfaction of a pre-existing liability involves the matter of computation only and is merely mechanical in its application" *(Rifkind v Web IV Music, supra,* 67 Misc 2d, at 34, citing *Raes v So-Lite Furniture Corp.,* 4 AD2d 851). Rosenblatt, J. P., O'Brien, Thompson and McGinity, JJ., concur.