■ I. LEVINE AND SONS, INC., Appellant, v PHYSICIANS' RECIPROCAL INSURERS, Respondent. [667 NYS2d 279] —In an action, *inter alia,* to recover damages for breach of an oral agreement,

the plaintiff appeals (1) from an order of the Supreme Court, Nassau County (Davis, J.), dated October 30, 1996, which, *inter alia,* granted the defendant's motion for summary judgment dismissing the complaint, (2) from a judgment of the same court, dated November 6, 1996, which dismissed the complaint, and (3) as limited by its brief, from so much of an order of the same court, dated March 7, 1997, as, upon, in effect, granting the plaintiff's motion for reargument, adhered to the prior determination dismissing the complaint.

Ordered that the appeal from the order dated October 30, 1996, is dismissed; and it is further,

Ordered that the appeal from the judgment is dismissed, as the judgment was superseded by the order dated March 7, 1997, made upon reargument; and it is further,

Ordered that the order dated March 7, 1997, is affirmed insofar as appealed from, and it is further,

Ordered that the defendant is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the order dated March 7, 1997, which supersedes the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

Contrary to the plaintiff's contention, the alleged oral agreement to pay commissions on premiums paid on renewals of certain professional liability insurance policies was subject to the Statute of Frauds (*see, Apostolos v R.D.T. Brokerage Corp.,* 159 AD2d 62; *cf., North Shore Bottling Co. v Schmidt & Sons,* 22 NY2d 171).

The plaintiff's remaining contentions are without merit. Mangano, P. J., Joy, Altman and Luciano, JJ., concur.