■ VINCENT P. CARUSO, Respondent, v ROBERT J. MALANG, JR., et al., Defendants, and RISK MANAGEMENT SERVICES, INC., Appellant. [673 NYS2d 470] —In an action, inter alia, to recover insurance commissions, the defendant Risk Management Services, Inc., appeals from an order of the Supreme Court, Westchester County (Nastasi, J.), entered April 29, 1997, which denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is modified, on the law, by deleting the provisions thereof which denied those branches of the motion which were for summary judgment dismissing the second cause of action insofar as asserted against the appellant, and that portion of the seventh cause of action which seeks commissions for fees generated after the termination of the alleged oral agreement between the parties insofar as asserted against the appellant and substituting therefor provisions granting those branches of the motion; as so modified, the order is affirmed, with costs to the appellant.

The plaintiff is an insurance broker who alleges that he procured insurance and risk management service accounts for the appellant pursuant to an oral, at-will employment agreement. Under the terms of the alleged agreement, the plaintiff was to receive 50% of the fee received by the appellant for each new account he generated, and 50% of the fee paid on renewals.

The appellant contends that the Supreme Court erred in denying its motion for summary judgment because the plaintiff's claim that he is entitled to commissions pursuant to an oral agreement is barred by the Statute of Frauds. General Obligations Law § 5-701 (a) (1) requires an agreement to be in writing and subscribed by the party to be charged if such agreement "[b]y its terms is not to be performed within one year from the making thereof". Contrary to the appellant's contention, that part of the alleged oral agreement entitling the plaintiff to commissions for accounts obtained or renewed during the period of his employment is capable of being performed

within one year, and is not barred by the Statute of Frauds (*see, Gold v Benefit Plan Adm'rs,* 233 AD2d 421; *Apostolos v R.D.T. Brokerage Corp.,* 159 AD2d 62; *Dickenson v Dickenson Agency,* 127 AD2d 983; *see also, Cron v Hargro Fabrics,* 91 NY2d 362). However, an oral promise to pay renewal commissions following the termination of an at-will employment relationship is unenforceable (*see, Gold v Benefit Plan Adm'rs, supra; Apostolos v R.D.T. Brokerage Corp., supra; Dickenson v Dickenson Agency, supra*). Accordingly, the plaintiff's claims against the appellant for renewal commissions generated after the termination of his alleged employment agreement must be dismissed.

The appellant's remaining contention is without merit (*see, Richman v Federated Adj. Co.,* 95 AD2d 850; *see also, Murphy v CNY Fire Emergency Servs.,* 225 AD2d 1034; *Festa v Gilston,* 183 AD2d 525). Thompson, J. P., Krausman, Goldstein and Luciano, JJ., concur.