▮ Lawrence D. Strauss, Appellant, v Fleet Mortgage Corp., Respondent. [724 NYS2d 356] —In an action, *inter alia,* to recover damages for breach of contract, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Phelan, J.), dated January 3, 2000, as granted those branches of the defendant's motion which were for summary judgment dismissing the causes of action to recover damages for breach of contract, unjust enrichment, and in quantum meruit.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court properly dismissed the cause of action to recover damages for breach of contract. An agreement to pay an at-will employee commissions earned during the period of his or her employment is capable of performance within one year and does not violate the Statute of Frauds (*see, Cron v Hargro Fabrics,* 91 NY2d 362, 370; *Caruso v Malang,* 250 AD2d 800; *Gold v Benefit Plan Adm'rs,* 233 AD2d 421; *Apostolos v R. D. T. Brokerage,* 159 AD2d 62). Contrary to the plaintiff's contention, however, the commissions he seeks to recover were not earned during the time of his employment. Thus, an agreement to pay those commissions to the plaintiff was not capable of performance within a year and had to be in writing pursuant to the Statute of Frauds (*cf., Cron v Hargro Fabrics, supra; Gold v Benefit Plan Adm'rs, supra; Apostolos v R. D. T. Brokerage, supra*).

Similarly, the Supreme Court properly dismissed the causes of action to recover damages in quantum meruit and for unjust enrichment, as the plaintiff may not assert these causes of action to circumvent the Statute of Frauds (*see, American European Art Assocs. v Trend Galleries,* 227 AD2d 170; *Bauman Assocs. v H & M Intl. Transp.,* 171 AD2d 479, 484; *Tallini v Business Air,* 148 AD2d 828). Bracken, P. J., Florio, Schmidt and Adams, JJ., concur.