Kelley v Bryan Ins. Agency, Inc. (2019 NY Slip Op 07572)





Kelley v Bryan Ins. Agency, Inc.


2019 NY Slip Op 07572


Decided on October 23, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 23, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JEFFREY A. COHEN
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2016-10779
2019-11319
 (Index No. 3963/14)

[*1]Sara Kelley, appellant, 
v
Bryan Insurance Agency, Inc., et al., respondents.


Bernard Weinreb, Spring Valley, NY, for appellant.
Sullivan & Klein, LLP, New York, NY (Elizabeth A. Scoditti and Robert M. Sullivan of counsel), for respondents.



DECISION & ORDER
In an action to recover unpaid wages and damages for retaliation in violation of Labor Law § 215, the plaintiff appeals from (1) an order of the Supreme Court, Orange County (Robert A. Onofry, J.), dated September 12, 2016, and (2) a judgment of the same court entered February 10, 2017. The order denied the plaintiff's motion for summary judgment on the complaint and granted the defendants' cross motion for summary judgment dismissing the complaint. The judgment, upon the order, is in favor of the defendants and against the plaintiff dismissing the complaint. The notice of appeal from the order is deemed also to be a notice of appeal from the judgment (see CPLR 5501[c]).
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the judgment is affirmed; and it further,
ORDERED that one bill of costs is awarded to the defendants.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]).
In July 2007, the plaintiff, then an insurance broker, entered into an oral at-will employment agreement with the defendant Amanda Bryan (hereinafter Bryan), as agent of the defendant Bryan Insurance Agency, LLC, sued herein as Bryan Insurance Agency, Inc. (hereinafter the agency). Pursuant to the oral agreement, the plaintiff would procure insurance accounts for the agency in exchange for a percentage of the commission on any original policy that she brought in and on the renewal of any such policy. By letter dated January 21, 2009, the plaintiff informed Bryan that she would no longer generate new business for the agency, but proposed that she would continue to service her existing clients and receive a compensation of 50% of the commissions related thereto. [*2]In an undated letter in response, Bryan identified the plaintiff's letter as one of resignation, and stated that, for security reasons, the plaintiff could not continue to service existing clients. Bryan also indicated that she believed that the oral agreement required the payment of 35% of the commissions for renewal business. Thereafter, the defendants paid the plaintiff a certain amount of commissions on renewal policies, but the parties were in disagreement as to the amount owed to the plaintiff. The plaintiff believed that she was entitled to 50% of the commissions on renewal policies for any account that she had brought to the agency, continuing after the termination of her employment.
On or about May 8, 2009, the plaintiff filed a claim for unpaid wages with the New York State Department of Labor (hereinafter the Department of Labor) for the unpaid commissions she believed were owed. In a letter to Bryan dated May 18, 2009, the plaintiff stated, inter alia, "I accept your offer to pay me 35% on all future renewals effective February 1, 2009." By letter dated July 18, 2009, Bryan informed the plaintiff that the agency was terminating "the revised agreement" that the parties had reached following the plaintiff's resignation, and that, as of the letter date, the plaintiff would no longer be receiving future commissions from the agency. The letter also indicated that the plaintiff was free to move any clients she had brought to the agency, and that the agency was sending her the commissions owed from February 2009 to May 2009. The plaintiff accepted those funds. The defendants paid the Department of Labor $637.19 to satisfy the plaintiff's claim for unpaid wages.
On or about October 25, 2013, the plaintiff filed another claim with the Department of Labor, alleging that the defendants terminated her employment in retaliation for her prior Department of Labor claim. The Department of Labor communicated with the defendants, who disputed the plaintiff's claim, and the Department of Labor informed the plaintiff that it could not pursue her claim further and it had closed the file on the matter, but she was free to pursue separate legal action in court.
The plaintiff then commenced the instant action, inter alia, to recover unpaid wages based on the alleged failure to pay her the percentage of the commissions on renewal accounts she was entitled to following the termination of her employment, and to recover damages for retaliation in violation of Labor Law § 215. The plaintiff maintains that following the termination of her employment, she was entitled to 50% of the commission on the renewal of any policy that she brought to the agency during her period of employment. Following discovery, the plaintiff moved for summary judgment on the complaint, and the defendants cross-moved for summary judgment dismissing the complaint. In an order dated September 12, 2016, the Supreme Court denied the plaintiff's motion and granted the defendants' cross motion. A judgment was subsequently entered upon the order. The plaintiff appeals.
Contrary to the plaintiff's contention, the parties' 2007 oral employment agreement did not include terms as to the payment of a percentage of the commission for policies renewed after the plaintiff's employment terminated. Both the plaintiff and Bryan testified in their respective depositions that when they made the oral employment agreement in 2007, they did not discuss what would occur upon the termination of the plaintiff's employment. Further, an agreement to continue to pay renewal commissions following the termination of an at-will employment relationship falls within the statute of frauds and must be in writing (see Zupan v Blumberg, 2 NY2d 547, 550; Caruso v Malang, 250 AD2d 800, 801; I. Levine & Sons v Physicians' Reciprocal Insurers, 246 AD2d 577, 578; Apostolos v R.D.T. Brokerage Corp., 159 AD2d 62, 64-65; see generally General Obligations Law § 5-701[a][1]). Thus, even assuming the 2007 oral agreement had included such terms, they would not be enforceable in the absence of a writing (see General Obligations Law § 5-701[a]).
Contrary to the plaintiff's contention, Bryan's undated letter in response to the plaintiff's January 21, 2009, letter did not constitute a memorandum sufficient to satisfy the statute of frauds with respect to the parties' oral employment agreement. Although "[a] memorandum to satisfy the Statute of Frauds may come into existence after the making of the contract" (Papaioannou v Britz, 285 App Div 596, 600; see Crabtree v Elizabeth Arden Sales Corp., 305 NY 48, 53-54; Matter of Urdang, 304 AD2d 586, 587), the subject letter did not evidence the terms of the parties' prior agreement, since, as noted, the parties' prior agreement undisputedly did not include any terms [*3]relating to post-employment commissions.
The plaintiff argues in the alternative that, after her termination of employment, the parties reached an agreement for the payment of renewal commissions, as evidenced by their 2009 written communications. "To create a binding contract, there must be a manifestation of mutual assent sufficiently definite to assure that the parties are truly in agreement with respect to all material terms. . . . Generally, courts look to the basic elements of the offer and the acceptance to determine whether there is an objective meeting of the minds sufficient to give rise to a binding and enforceable contract" (Matter of Express Indus. & Term. Corp. v New York State Dept. of Transp., 93 NY2d 584, 589; see Robison v Sweeney, 301 AD2d 815, 817). "It is a fundamental rule of contract law that an acceptance must comply with the terms of the offer" (Gram v Mutual Life Ins. Co. of N.Y., 300 NY 375, 382), and "if qualified with conditions it is equivalent to a rejection and counteroffer" (Roer v Cross County Med. Ctr. Corp., 83 AD2d 861, 861; see Woodward v Tan Holding Corp., 32 AD3d 467, 469).
Here, the plaintiff's January 21, 2009, letter constituted an offer, which Bryan rejected in her undated letter by making a counteroffer, which included an offer to pay the plaintiff 35% of the commissions on renewal policies. The plaintiff did not thereafter manifest her assent to the terms of Bryan's undated letter, but instead, as to the term at issue, maintained that she was entitled to 50% of the renewal commissions. Indeed, she filed a complaint with the Department of Labor seeking payment of 50% of the renewal commissions. Plainly, there was no meeting of the minds on this material term. Furthermore, even assuming the plaintiff's May 18, 2009, letter was a timely response to Bryan's counteroffer, the plaintiff did not agree to all of the material terms of the counteroffer, and, thus, the letter was, at best, a rejection and counteroffer, which Bryan rejected, as manifested by her July 18, 2009, letter (see ADCO Elec. Corp. v HRH Constr., LLC, 63 AD3d 653, 655; Winiarski v Duryea Assocs., LLC, 14 AD3d 697, 698). Bryan's statement in her July 18, 2009, letter suggesting that she believed a "revised agreement" was in effect does not establish that a valid contract existed where the other evidence establishes that there was no meeting of the minds (see Machinery Utils. Co., Inc. v Fry, 224 App Div 392, 394).
Since the parties never came to a meeting of the minds as to an essential term of the proposed agreement concerning post-employment renewal commissions, there was no binding contract, and the defendants demonstrated their prima facie entitlement to judgment as a matter of law dismissing the first cause of action, which sought damages for the failure to pay 50% of the commissions on renewal policies (see Gleitman v Zorbas, 164 AD3d 660; Roer v Cross County Med. Ctr. Corp., 83 AD2d 861). In opposition, the plaintiff failed to raise a triable issue of fact.
The defendants also demonstrated their prima facie entitlement to judgment as a matter of law dismissing the second cause of action, which sought damages for retaliation, as it was premised on the nonpayment of commissions to which the plaintiff was not entitled (see Tierney v Capricorn Invs., 189 AD2d 629, 632). In opposition, the plaintiff failed to raise a triable issue of fact.
The plaintiff's remaining contentions either are without merit or need not be reached in light of our determination.
Accordingly, we agree with the Supreme Court's determination denying the plaintiff's motion for summary judgment on the complaint and granting the defendants' cross motion for summary judgment dismissing the complaint.
DILLON, J.P., COHEN, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court