Uno A Brokerage Inc. v Inshur, Inc. (2025 NY Slip Op 05658)

Uno A Brokerage Inc. v Inshur, Inc.

2025 NY Slip Op 05658

Decided on October 14, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 14, 2025

Before: Webber, J.P., Kennedy, Mendez, Rodriguez, Higgitt, JJ. 

Index No. 652251/23|Appeal No. 4946|Case No. 2024-02444|

[*1]Uno A Brokerage Inc., Plaintiff-Appellant,
v
Inshur, Inc., Defendant-Respondent.

Cox Padmore Skolnik & Shakarchy LLP, New York (Stefan B. Kalina of counsel), for appellant.
Fox Rothschild LLP, New York (Thomas P. O'Connor of counsel), for respondent.

Order, Supreme Court, New York County (Andrew Borrok, J.), entered March 11, 2024, which granted defendant's motion to dismiss the first amended complaint pursuant to CPLR 3211(a)(1) and (7), unanimously affirmed, without costs.
We decline defendant's request to dismiss this appeal because plaintiff did not include the transcript of the oral argument on the motion. Although the court said it was granting the motion "for the reasons set forth on the record," the order appealed from contains sufficient facts and legal reasoning. Unlike Sebag v Narvaez (60 AD3d 485, 486 [1st Dept 2009], lv denied 13 NY3d 711 [2009]), "meaningful appellate review" is possible without the transcript.
Plaintiff contends that the court should not have relied on the parties' draft agreement because it was inadmissible. This argument is unavailing. While "defendant's attorney, in h[is] affirmation, did not lay a foundation for the admission of the" draft agreement (AWL Indus., Inc. v New York City Hous. Auth., 237 AD3d 596, 596 [1st Dept 2005]), "plaintiff never objected to the admissibility of . . . the document[] annexed to the attorney's affirmation and relied on the same document[] in opposition to defendant's motion" (id. [internal citation omitted]).
As to the merits, General Obligations Law § 5-701(a)(10) is "aimed at averting the evils arising from oral contracts between the finder and the principal or employer with whom he has assertedly contracted and from whom he seeks compensation and not between fellow finders or finders and other parties" (Dura v Walker, Hart & Co., 27 NY2d 346, 348-349 [1971] [internal quotation marks omitted]). Plaintiff contends that its agreement with defendant falls within the latter exception because the parties were fellow brokers and Munich Re Group was the principal. This argument is not persuasive. The complaint does not assert the type of "joint venture" relationship contemplated in Dura v Walker, Hart & Co., where "the plaintiff [was not] suing [] an employer or principal for a fee but a fellow finder for a portion of a fee already received by the latter" (27 NY2d at 350). Conversely, here, Munich Re is not paying defendant a commission that defendant is supposed to split with plaintiff. Rather, plaintiff was tasked with referring business to defendant, in exchange for a commission from plaintiff, which is the type of broker and principal agreement contemplated by General Obligations Law § 5-701(a)(10) and which must be reduced to writing. Plaintiff's contention that General Obligations Law § 5-701(a)(10) does not bar its contract claim because the parties engaged in multiple transactions, as opposed to a single transaction is unavailing (see e.g. Ghaffari v Rima Invs. Corp., 266 AD2d 111 [1st Dept 1999], lv dismissed 95 NY2d 778 [2000]).
The parties' agreement is also barred by General Obligations Law § 5-701(a)(1) because the promise to pay commissions depends solely on the acts of third parties. Thus, whether the instant agreement can be completed within one year is beyond the parties' control (Apostolos v R.D.T Brokerage Corp., 159 AD2d 62, 64-65 [1st Dept 1990]).
While plaintiff may argue on appeal that it has a claim for promissory estoppel, even though the first amended complaint did not plead that cause of action (see Castellotti v Free, 138 AD3d 198, 204 & n 5 [1st Dept 2016]), it fails to state such a claim. Even if defendant made "a sufficiently clear and unambiguous promise" to plaintiff (id. at 204) and plaintiff reasonably relied on that promise, plaintiff failed to show "unconscionable injury" (id.), which requires an "injury beyond that which flows naturally (expectation damages) from the non-performance of the unenforceable agreement" (Merex A.G. v Fairchild Weston Sys., Inc., 29 F3d 821, 826 [2d Cir 1994], cert denied 513 US 1084 [1995]; see also Matter of Hennel, 29 NY3d 487, 497 [2017]).
Finally, plaintiff may not appeal from the dismissal of its unjust enrichment claim because plaintiff failed to address that cause of action below (see McCabe v Consulate Gen. of Can., 170 AD3d 449, 450 [1st Dept 2019]).
We have considered plaintiff's remaining contentions and find them unavailing. THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 14, 2025