Catalogne v Class Action Recovery, LLC (2026 NY Slip Op 01029)

Catalogne v Class Action Recovery, LLC

2026 NY Slip Op 01029

Decided on February 25, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 25, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
VALERIE BRATHWAITE NELSON
BARRY E. WARHIT
LAURENCE L. LOVE, JJ.

2023-09270
 (Index No. 61209/22)

[*1]Edgar Catalogne, appellant, 
vClass Action Recovery, LLC, etc., et al., respondents.

Scarinci Hollenbeck, LLC, New York, NY (James Malachy Meaney and Christopher D. Warren of counsel), for appellant.
Maker, Fragale & Di Costanzo, LLP, Rye, NY (Costantino Fragale of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Westchester County (Hal B. Greenwald, J.), dated August 25, 2023. The order granted the defendants' motion for summary judgment dismissing the complaint and denied the plaintiff's motion for leave to amend the complaint and for a preliminary injunction.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action asserting causes of action alleging breach of contract, unjust enrichment, and promissory estoppel. The complaint alleged that the defendant Richard G. Delgatto, the owner of the defendant Class Action Recovery, LLC (hereinafter Class Action), entered into a verbal agreement in which the plaintiff agreed to work for Class Action as Class Action's chief operating officer for a salary, in addition to equity in Class Action, as well as contingency and commission fees, essentially in consideration for the plaintiff's assistance in procuring and securing clients for Class Action. The defendants joined issue, asserting affirmative defenses, including the statute of frauds.
In January 2023, the plaintiff moved for leave to amend the complaint and for a preliminary injunction. The proposed amended complaint contained additional causes of action sounding in quantum meruit and breach of fiduciary duty and further sought the imposition of a constructive trust, an accounting, declaratory relief, and the appointment of a temporary receiver. The defendants opposed the plaintiff's motion. In March 2023, the defendants moved for summary judgment dismissing the complaint on the grounds that the causes of action were barred by the statute of frauds and the promissory estoppel cause of action lacked any allegations of an unconscionable injury. In an order dated August 25, 2023, the Supreme Court granted the defendants' motion and denied the plaintiff's motion. The plaintiff appeals.
"Pursuant to General Obligations Law § 5-701(a)(10), an agreement 'or some note or memorandum thereof' must be in writing and 'subscribed by the party to be charged therewith,' where the agreement is 'to pay compensation for services rendered in . . . negotiating the purchase, sale, exchange, renting or leasing of . . . a business opportunity, business, its good will, inventory, [*2]fixtures or an interest therein.' The statute defines 'negotiating' to include the act of 'procuring an introduction to a party to the transaction or assisting in the negotiation or consummation of the transaction'" (Best Global Alternative, Ltd. v FCIC Constr. Servs., Inc., 170 AD3d 1101, 1102, quoting General Obligations Law § 5-701[a][10]; see Hopwood v Infinity Contr. Servs. Corp., 230 AD3d 570, 570-571).
Here, the defendants established, prima facie, that the purported verbal agreement was for the negotiation of business opportunities. Accordingly, the agreement was required to be in writing and subscribed by the parties to be charged (see General Obligations Law § 5-701[a][10]; Hopwood v Infinity Contr. Servs. Corp., 230 AD3d at 571; Best Global Alternative, Ltd, v FCIC Constr. Servs., Inc., 170 AD3d at 1102). The agreement herein failed to comply with these requirements (see General Obligations Law § 5-701[a][10]; Landa v McGuire, 223 AD3d 795, 797). In opposition, the plaintiff failed to raise a triable issue of fact (see Best Global Alternative, Ltd, v FCIC Constr. Servs., Inc., 170 AD3d at 1103). Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging breach of contract.
Similarly, the Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging unjust enrichment, as "[a] plaintiff may not assert [this] cause of action[ ] to circumvent the Statute of Frauds" (Strauss v Fleet Mtge. Corp., 282 AD2d 736, 737; see Matter of Zelouf, 183 AD3d 900, 902).
Further, the Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing the promissory estoppel cause of action. Insofar as this cause of action was asserted to circumvent the statute of frauds, the plaintiff was required, but failed, to allege that he suffered unconscionable injury in reliance on the defendants' alleged promise (see Bent v St. John's Univ., N.Y., 189 AD3d 973, 975-976; Martin Greenfield Clothiers, Ltd. v Brooks Bros. Group, Inc., 175 AD3d 636, 638).
The Supreme Court also properly denied that branch of the plaintiff's motion which was for leave to amend the complaint. "'Leave to amend a pleading shall be freely given absent prejudice or surprise resulting directly from the delay unless the proposed amendment is palpably insufficient or patently devoid of merit'" (Kyung Hee Moon v Owadeyah, 223 AD3d 793, 794 quoting Ruland v Leibowitz, 209 AD3d 1051, 1052; see CPLR 3025[b]). The additional causes of action in the proposed amended complaint were all premised, in effect, on the purported verbal agreement, which is void pursuant to the statute of frauds; therefore, the court properly determined that those causes of action were patently devoid of merit.
In addition, the Supreme Court properly denied that branch of the plaintiff's motion which was for a preliminary injunction. "To establish the right to a preliminary injunction, a movant must demonstrate (1) the likelihood of success on the merits, (2) irreparable injury absent a preliminary injunction, and (3) that the equities balance in the movant's favor" (Miller v 6 Sterling Dr. Trust, 231 AD3d 1020, 1021; see Cushing v Sanford Equitites Corp., 223 AD3d 870, 871). Here, the purported verbal agreement was unenforceable, and thus, the plaintiff failed to show a likelihood of success on the merits. Further, the plaintiff has only alleged economic loss, which is compensable by money damages and does not constitute irreparable harm (see Matter of Rice, 105 AD3d 962, 964; Di Fabio v Omnipoint Communications, Inc., 66 AD3d 635, 637). Accordingly, the court properly denied that branch of the plaintiff's motion which was for a preliminary injunction (see Matter of Rice, 105 AD3d at 963).
DILLON, J.P., BRATHWAITE NELSON, WARHIT and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court