■ JOSEPH MAEMONE, Respondent, v. KOREN-DIRESTA CONSTRUCTION CO., INC., Appellant.— Order, Supreme Court, New York County, entered on October 23, 1973, denying defendant's motion to dismiss the complaint on the grounds of

the Statute of Frauds, affirmed. Respondent shall recover of appellant $60 costs and disbursements of this appeal. The complaint alleges that during a four-year period commencing in 1969, plaintiff-respondent was employed by the defendant-appellant as a project manager on various construction sites at a weekly salary plus 10% of all booked business procured by him; that defendant made payments to plaintiff under the terms of an agreement from 1970 to September 13, 1972, when plaintiff left his employment; at the latter date there was due plaintiff $12,000 for which he demands judgment. It is conceded that the employment agreement was oral. Plaintiff is not, under this pleading, in the role of a finder or a negotiator for the sale of a business, but one who has rendered services as an employee for which he has been partially paid and whose claim is broad enough to place it without the limitation or prohibition of section 5–701 of the General Obligations Law. (See *Silberberg* v. *Haber*, 42 A D 2d 552.) The dissenter appears to rely on *O'Connell & Assoc.* v. *Thompson-Starrett Constr. Co.*, 28 A D 2d 984). But the facts there are quite different. In *O'Connell* plaintiff sought compensation for bringing together the defendant and a third person which meeting resulted in an award of a construction contract to the defendant. Clearly plaintiff was a finder within the meaning of subdivision 10 of section 5–701 of the General Obligations Law. Not so in this case. Plaintiff alleges that he rendered services in the regular course of his employment for which he has been partially but not fully paid and seeks recovery for the balance due him under the terms of his employment agreement. Concur — Nunez, J. P., Kupferman, Murphy and Lupiano, JJ.; Lynch, J., dissents in the following memorandum: I would reverse and grant summary judgment to the defendant dismissing the complaint. The plaintiff's alleged oral contract for fees for services in aiding the defendant to obtain construction contracts is void under the Statute of Frauds (General Obligations Law, § 5–701, subd. 10; *O'Connell & Assoc.* v. *Thompson-Starrett Constr. Co.*, 28 A D 2d 984). Even if the complaint and the plaintiff's answers to interrogatories be construed as a claim of part performance in that the plaintiff has received from the defendant amounts of money in excess of his weekly salary, such payments are not unequivocally referable to the contract he seeks to enforce (*Walter* v. *Hoffman*, 267 N. Y. 365; 56 N. Y. Jur., Statute of Frauds, § 251).