■ FRANK J. FESTA, JR., Appellant, v MARVIN GILSTON, Respondent.—Order, Supreme Court, New York County (Harold Baer, Jr., J.), entered on or about September 30, 1991, which, upon renewal, denied the plaintiff's motion to dismiss the defendant's defenses and granted the defendant's cross motion for summary judgment dismissing the complaint, unanimously modified, on the law, to deny the defendant's cross motion for summary judgment, the complaint is reinstated, and otherwise affirmed, without costs.

On February 5, 1990, the plaintiff was hired as a Project Manager by Gilston Electrical Contracting Corporation, which had entered into a contract with the Dormitory Authority of the State of New York to perform electrical work at City College. The completion date for the project was December 31, 1992. The plaintiff alleged that shortly after he began working for Gilston, the defendant made an oral contract with him and promised to pay the plaintiff fifty percent for any extra work that the plaintiff was able to locate on the job site. He further alleged that the defendant promised to make the payments in monthly installments and that he began to receive compensation pursuant to this agreement. The plaintiff contended that he was subsequently fired and that the defendant refused to pay him for work performed under their agreement.

The Supreme Court granted the defendant's cross motion for summary judgment based on its conclusion that any purported agreement between the parties violated the Statute of Frauds. After granting the plaintiff's motion for renewal and reargument, the court adhered to its determination.

It was error to grant the defendant's cross motion for summary judgment. General Obligations Law § 5-701 (a) (1) requires agreements which cannot be performed within one year from the date of their making to be in writing. Courts have generally been reluctant to place too broad an interpretation to this provision, limiting it to agreements which only by their very terms have absolutely no possibility of being performed within the year *(D & N Boening v Kirsch Beverages,* 63 NY2d 449). Thus, "[w]herever an agreement has been found to be susceptible of fulfillment within that time, in whatever manner and however impractical, [the Court of Appeals] has held the one-year provision of the Statute to be inapplicable, a writing unnecessary, and the agreement not barred" *(supra,* at 455; *see also, Freedman v Chemical Constr. Corp.,* 43 NY2d 260). Based on the allegations contained in the complaint, it was possible for the plaintiff to have completed his work within one year, before the completion date of the project with the State. Accordingly, the plaintiff's purported agreement with the defendant is not barred by General Obligations Law § 5-701 (a) (1).

Nor is the agreement barred by paragraph (10) of the statute which requires a writing if the agreement "[i]s a contract to pay compensation for services rendered in negotiating a loan, or in negotiating the purchase, sale, exchange, renting or leasing of any real estate or interest therein, or of a business opportunity, business, its good will, inventory, fixtures or an interest therein, including a majority of the voting stock interest in a corporation and including the creation of a partnership interest". According to the statute, " '[n]egotiating' includes procuring an introduction to a party to the transaction or assisting in the negotiation or consummation of the transaction. This provision shall apply to a contract implied in fact or in law to pay reasonable compensation but shall not apply to a contract to pay compensation to an auctioneer, an attorney at law, or a duly licensed real estate broker or real estate salesman." The plaintiff was not employed as a "finder" or negotiator for the sale of a business. His claim that he rendered services for which he received partial payment was broad enough to fall outside the prohibi-

tion of General Obligations Law § 5-701 (a) (10) *(Maemone v Koren-DiResta Constr. Co.,* 45 AD2d 684).

There is no merit, however, to the plaintiff's remaining contentions. The plaintiff never asked the Judge to recuse himself even though the court requested prompt notification if the fact that he owned a home in the same community as the defendant caused concern to either side. There is nothing in the record to suggest that the court displayed any bias or partiality during these proceedings. Nor does the record support the plaintiff's claims of misconduct by the defense.

Accordingly, the order of the Supreme Court is modified to deny the defendant's cross motion for summary judgment, the complaint is reinstated, and the order is otherwise affirmed. Concur—Murphy, P. J., Sullivan, Rosenberger and Kassal, JJ.