■ NJP ENTERPRISES, INC., Appellant-Respondent, v SHOOZE, INC., Respondent-Appellant. [720 NYS2d 190] —In an action to recover damages for breach of a consulting contract, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Lefkowitz, J.), entered March 6, 2000, as denied its cross motion for summary judgment, and the defendant cross-appeals from so much of the same order as denied its motion to dismiss the complaint, which was converted to a motion for summary judgment dismissing the complaint pursuant to CPLR 3211 (c).

Ordered that the order is modified, on the law, by deleting the provision thereof denying the plaintiff's cross motion for summary judgment and substituting therefor a provision granting the cross motion; as so modified, the order is affirmed, with costs to the plaintiff.

The plaintiff's principals, Neil and Jo Pearlman, and the defendant's current principals, Gary and Carol Kahn, originally formed the defendant as equal partners in October 1997. They experienced difficulties in working together. As a result, they agreed that the Kahns would buy out the Pearlmans' interest in the defendant. The negotiations concluded with the execution of a contract for the sale of the Pearlmans' interest, as well as the consulting agreement at issue here. Although signed later, the consulting agreement states that it was executed January 1, 1998.

The consulting agreement called for a total payment of $40,000 to the plaintiff. There was to be an initial payment by the defendant of $15,000 with subsequent monthly installments of $4,166.66 commencing September 25, 1998. The first $15,000 due under this agreement was paid. The plaintiff also sent a letter acknowledging that this payment was for consulting services it performed between January 1, 1998, and June 1998. The defendant does not dispute the statements in this letter. Thereafter, the defendant made the first three monthly payments, through November 1998, but then failed to make any further payments. After the consulting contract expired by its own terms on March 1, 1999, the plaintiff commenced this action on October 29, 1999.

Before serving an answer, the defendant moved to dismiss the complaint based upon documentary evidence, and for failure to state a cause of action. The plaintiff opposed that motion

and cross-moved for summary judgment. The court gave notice of its intention to treat the defendant's motion as one for summary judgment and the defendant did not object. The Supreme Court denied both the motion and cross motion, finding the existence of factual issues.

While the Supreme Court properly denied the defendant's motion, it should have granted the plaintiff's cross motion. Contrary to the defendant's contention, the consulting agreement was supported by valid consideration. Valid consideration is evidenced by the plaintiff's promise to perform consulting services as reasonably requested by the defendant's principals. Further evidence of valid consideration is shown by the defendant's payment for consulting services performed between January 1998 and June 1998, together with its payment of the September, October, and November payments as required by the contract (*see, Umscheid v Simnacher,* 106 AD2d 380). Since the contract has already expired, and since there is no claim by the defendant that any time during the contract period it requested consulting services and the plaintiff refused to provide them, it is not fatal to the plaintiff's claim that it did not allege that at all times it was ready, willing, and able to fulfill its consulting duties (*see, Midwood Sanatorium v Firemen's Fund Ins. Co.,* 261 NY 381; *see also, Cohen v Kranz,* 12 NY2d 242). Thus the plaintiff has shown a valid contract, its performance insofar as that was required, and a breach of the contract by the defendant. This was sufficient to make out the plaintiff's prima facie case for summary judgment. Since the defendant failed to show the existence of a triable factual issue, the plaintiff's cross motion should have been granted (*see generally, Alvarez v Prospect Hosp.,* 68 NY2d 320).

The defendant's remaining contentions are without merit or need not be reached in light of this determination. We need not reach the plaintiff's remaining contentions. O'Brien, J. P., Krausman, Florio and Luciano, JJ., concur.