■ LASZLO HAJDU-NEMETH, Respondent, v PETER ZACHARIOU et al., Appellants, et al., Defendant. [765 NYS2d 597] —Order, Supreme Court, New York County (Walter Tolub, J.), entered on or about October 9, 2002, which, to the extent appealed from as limited by the brief, denied the motion of defendants-appellants to dismiss the complaint, unanimously affirmed, without costs.

Defendants' assertions that plaintiff's action to recover damages for breach of an employment contract should be dismissed because the "Letter of Intent" sued upon is not a binding agreement, and because plaintiff is, in any event, without standing to rely upon the letter, are without merit. That the document at issue is referred to as a "Letter of Intent" is not conclusive of whether it may be viewed as binding (*see City of New York v Pennsylvania R.R. Co.*, 37 NY2d 298, 300 [1975]). Indeed, the "Letter of Intent" expressly provides that it "constitutes a binding contract until such time as the definitive agreements referenced [therein] are executed" and that "the parties shall be legally bound [thereby] once this Letter of Intent has been executed." The alleged agreement is supported by consideration inasmuch as plaintiff promised therein to provide defendants with consulting services (*see Weiner v McGraw-Hill, Inc.*, 57 NY2d 458, 464 [1982]), and it appears that pursuant to the alleged agreement plaintiff rendered such services for some 17 weeks and was paid in part by defendants (*see NJP Enters. v Shooze, Inc.*, 280 AD2d 533, 534 [2001]). Plaintiff, as a signatory to the alleged agreement, has standing to sue for its enforcement.

We have considered defendants' remaining arguments and find them unavailing. Concur—Nardelli, J.P., Tom, Sullivan, Ellerin and Friedman, JJ.