LEXAIR CONSULTING, INC., et al., Respondents, v AG MULTIMEDIA, LTD., et al., Appellants, et al., Defendants. (And a Third-Party Action.) [792 NYS2d 120]—

In an action to recover damages for breach of contract, the defendants third-party plaintiffs, AG Multimedia, Ltd., AG

Multimedia, LLC, Arnell Technologies, Ltd., Arnell Holdings, Ltd., Arnell/Ross, Ltd., Peter Arnell, Tara Grote, Bruno Assellin, and Charles Rose appeal from a judgment of the Supreme Court, Suffolk County (Henry, J.), dated September 30, 2003, which, upon an order of the same court dated June 13, 2003, inter alia, granting the plaintiffs' motion for summary judgment, is in favor of the plaintiffs and against them in the principal sum of $93,338.93.

Ordered that the judgment is affirmed, with costs.

The plaintiff Lexair Consulting, Inc. (hereinafter Lexair), is a broker in charter air travel. The defendant AG Multimedia, Ltd. (hereinafter AG), entered into an oral contract with Lexair for an international charter flight. Lexair contracted with the third-party defendant/second third-party plaintiff Excelaire Services, Inc. (hereinafter Excelaire), which provided the aircraft, a Gulfstream IIB jet, and the flight crew. The flight to Europe was uneventful. On the return trip, however, the defendant Peter Arnell, the chairman of AG, complained to the flight crew about a noise on the jet which he and his colleagues found disturbing. Despite assurances from the pilot that the jet was functioning properly and that there was no danger, Arnell demanded that the pilot land the jet immediately. The pilot complied but an inspection by qualified mechanics in England revealed only a loose screw in a seat rail which permitted the seat to rattle. The jet was certified as air-worthy to continue the flight home. Nevertheless, Arnell and his colleagues refused to re-board the jet, which returned home safely, resulting in this action, inter alia, by Lexair for payment under the contract with AG.

Contrary to the appellants' contentions, the Supreme Court properly granted Lexair's motion for summary judgment. Lexair provided the international jet transportation pursuant to the oral contract with AG. The record demonstrates that the jet provided by Excelaire was suitable for the intended purpose of the flight and that the appellants breached their payment obligations (*see NJP Enters. v Shooze, Inc.,* 280 AD2d 533, 534 [2001]). AG's arguments that the jet was not sufficiently luxurious or that the conditions on the jet interfered with the work and relaxation of the passengers are of no moment. The parties' contract contained no specifications about luxury, and the replacement of the screw cured the rattling seat. AG's claim that the flight deviated from "super-premium" quality is a self-serving unilateral characterization with no support in the record. In any event, it is clear that Arnell's refusal to continue the flight on the subject jet was not due to any genuine deficiencies

in the jet, but due to his unfounded fears that the jet was unsafe. However, after the emergency landing the jet was found to be air-safe with only a minor interior repair. Clearly the jet was suitable and AG's contentions to the contrary failed to raise an issue of fact requiring trial.

The appellants' remaining contentions are without merit. Cozier, J.P., S. Miller, Spolzino and Skelos, JJ., concur.