■ MICHAEL AKSMAN, Respondent, v XIONGWEI JU, Appellant. [799 NYS2d 493]—

Order, Supreme Court, New York County (Edward H. Lehner, J.), entered July 9, 2004, which, to the extent appealed from, denied defendant's motion to dismiss the breach of contract cause of action, unanimously reversed, on the law, with costs and disbursements, the motion granted and the complaint dismissed. The Clerk is directed to enter judgment accordingly.

On May 2, 2000, the parties, both employed by Knight Financial Products, also known as Arbitrade, entered into a "Letter of Intent," which they described as "a basis for conducting business between [them] during the Development and Test Trading Phases," before entering into a joint venture to exploit plaintiff's quantitative and trading strategy expertise and defendant's analytics and software expertise. The letter of intent specifically set forth the parties' expected respective contributions to the effort. As the complaint alleges, the parties created a software program "outside the scope of [their] employment at . . . Arbitrade." Pursuant to their agreement, the program was to be their joint property and could not "be used in any form outside of this partnership without explicit consent of both parties." The letter of intent provided that the test trading phase would include real trading with capital provided by an investor. The complaint alleges that the parties attended meetings with potential investors. On the same day as a scheduled meeting with one investor, defendant canceled his appearance and refused plaintiff's request for a copy of the software program. In

September 2000, plaintiff accepted employment at Jemmco Capital. Defendant accepted employment at Nomura Securities in December 2000.

Defendant, according to the complaint, maintained a copy of the software program, which he used "for his personal and professional benefit while employed at N[o]mura Securities." It is alleged that at some unspecified time defendant informed plaintiff that the software program was working well and that plaintiff was no longer needed. In his first cause of action seeking damages in the amount of $20 million for defendant's breach of the agreement as set forth in the letter of intent, plaintiff alleges that he "was deprived of profits from the business venture" and "from the use of the software program."

Defendant moved, prior to answer, to dismiss the complaint for failure to state a cause of action and on the ground of a defense founded on documentary evidence, arguing that the letter of intent was no more than an unenforceable agreement to agree, lacking the essentials of a binding contract, that its implementation would violate the parties' employer's confidentiality agreement that he signed and that plaintiff's claims of lost profits are too speculative to support a breach of contract claim. Supreme Court dismissed the causes of action for fraud, tortious interference with prospective clients and breach of the covenant of good faith and fair dealing, but denied the motion as to the cause of action asserting breach of contract, holding that "at this stage of the litigation" it could not determine whether the letter of intent was a binding contract rather than an unenforceable agreement to agree. Defendant appeals. We reverse.

In our view, the letter of intent, which is clearly a preliminary, nonbinding proposal to agree, conclusively negates plaintiff's breach of contract claim (see *Joseph Martin, Jr., Delicatessen v Schumacher*, 52 NY2d 105 [1981]). It is not at all like the document in *Hajdu-Nemeth v Zachariou* (309 AD2d 578 [2003]), cited by Supreme Court, which "expressly provide[d] that it 'constitutes a binding contract until such time as the definitive agreements referenced [therein] are executed' and that 'the parties shall be legally bound [thereby] once this Letter of Intent has been executed.' " Here, the letter of intent expresses the parties' intention to enter into a contract "at a later date" and nowhere states that they intend to be legally bound until such future agreement is reached. Moreover, the letter's opening line, setting forth its purpose as "a basis for conducting business between [the parties] during the Development and Test Trading Phases," as well as the letter's repeated statement

that it will be replaced by a "contract," reflects the parties' intent not to be bound until an agreement establishing the proposed joint venture (Quantitative Strategies Group) is reached.

While the letter of intent does state that the software program created by the parties was to be their joint property, which, without mutual consent, could not be used outside of the parties' partnership, neither the letter of intent nor the complaint sets forth, even in general terms, the nature or extent of the parties' contributions toward the marketing of a software program, or their respective obligations or liabilities in the proposed joint venture. Thus, the documentary evidence conclusively refuted the claim that an enforceable agreement had been reached. Given this conclusion, it is unnecessary to reach the other arguments raised in support of dismissal. Concur—Tom, J.P., Andrias, Marlow, Sullivan and Catterson, JJ.