■ Bed Bath & Beyond Inc., Respondent, v Ibex Construction, LLC, Defendant and Third-Party Plaintiff-Appellant. Travelers Casualty & Surety Company of America, Third-Party Defendant-Respondent. [860 NYS2d 107]—

Order, Supreme Court, New York County (Walter B. Tolub, J.), entered December 10, 2007, which denied defendant's (IBEX) motion for summary judgment dismissing the complaint

while continuing its counterclaims against plaintiff, and granted plaintiff's and third-party defendant's cross motion for summary judgment to the extent of declaring that the letter of intent (LOI) and expressly incorporated documents constituted a valid and enforceable contract between plaintiff and IBEX, and dismissing IBEX's counterclaim for quantum meruit relief, unanimously affirmed, with costs.

The motion court properly determined that the LOI entered into by plaintiff and IBEX in connection with a construction project was a binding agreement. The plain language of the LOI manifests the parties' intent to be bound by its terms (*see Brown Bros. Elec. Contrs. v Beam Constr. Corp.*, 41 NY2d 397, 399 [1977]; *Henri Assoc. v Saxony Carpet Co.*, 249 AD2d 63, 66 [1998]); it does not contain an express reservation by either party of the right not to be bound until a more formal agreement is signed (*see Emigrant Bank v UBS Real Estate Sec., Inc.*, 49 AD3d 382, 383-384 [2008]), and clearly sets forth the price, scope of work to be performed, and time for performance (*see T. Moriarty & Son v Case Contr.*, 287 AD2d 390 [2001]).

Contrary to IBEX's contention, use of the language "subject to" in the LOI, and reference to the execution of a construction agreement as a "qualification," do not amount to an express reservation of the right not to be bound (*see Emigrant Bank*, 49 AD3d at 383-384), or a condition precedent to the formation of a binding contract (*cf. Oppenheimer & Co. v Oppenheim, Appel, Dixon & Co.*, 86 NY2d 685, 691 [1995]). Similarly, the fact that the parties' writing is denominated a "Letter of Intent" and calls for the execution of a more formal construction agreement does not render it an unenforceable agreement to agree (*see Hajdu-Nemeth v Zachariou*, 309 AD2d 578 [2003]). Furthermore, the record demonstrates that by moving forward with the project even in the absence of the fully executed construction agreement, IBEX manifested its intent to be bound by the LOI (*see T. Moriarty & Son*, 287 AD2d at 390).

Because a binding agreement governing the construction project exists, IBEX's counterclaim for quantum meruit relief was appropriately dismissed (*see Clark-Fitzpatrick, Inc. v Long Is. R.R. Co.*, 70 NY2d 382, 388 [1987]). Concur—Lippman, P.J., Tom, Andrias and Saxe, JJ.