OPINION OF THE COURT
Arthur F. Engoron, J.
It is hereby ordered that the motion is granted and the cross motion is denied.
The instant motion and cross motion in this summary nonpayment proceeding raise several interesting issues that have been well-briefed and vigorously (indeed, at times, vociferously) argued by counsel. However, resolution of a single dispositive issue, to wit, subject matter jurisdiction vel non, inclines the court not to decide anything else.
One of those interesting issues is whether or not a two-page document, dated January 10, 2006 (cross-moving exhibit A) (the 1/10/06 document), on the letterhead of nonparty Solow Management Corporation, constitutes a binding lease, as argued by petitioner Solow Building Company, L.L.C., or a nonbinding “agreement to agree,” as argued by respondent Jones Apparel Group, Inc. Factors militating in favor of the former view are that the document appears to contain all necessary material terms and the complete agreement between the parties. (See generally Bed Bath & Beyond Inc. v IBEX Constr., LLC, 52 AD3d 413 [1st Dept 2008].) Factors militating in favor of the latter view are that the first sentence says that Solow Management “will amend” an existing lease (emphasis added) and, also, that a sentence on the second page notes that “the required lease amendment is being prepared”* (emphasis added). However, this court does not have subject matter jurisdiction of this summary nonpayment proceeding between these two parties whether or not the 1/10106 document is binding.
Petitioner may not maintain the instant summary nonpayment proceeding against respondent unless there is a landlord-tenant relationship between the parties. (See generally RPAPL 711 [2].) Thus, if the 1/10/06 document is not binding on respondent, then this court does not have subject matter jurisdiction over this proceeding (there being no other document that would confer such jurisdiction). If, on the other hand, the agreement is binding, then “[a]ll other terms and conditions of the *330 Lease shall remain unchanged and in full force and effect.” One term of a lease is who the “tenant” is. Here, under “the Lease,” the tenant may be nonparty “Maxwell Shoe Company, Inc.”; or the tenant may be nonparty “Nine West Corporation”; or, this lease having a long and complicated history, the tenant may be “none of the above”; but the tenant is not respondent Jones (which apparently is the corporate parent of Nine West Corp.). Had the parties intended that respondent be obligated under the lease, this could easily have been indicated. Furthermore, the 1/10/06 document, binding or not, contemplated an “amendment” of an existing lease, not an “assignment,” “assumption” and/or “transfer.”
All of the foregoing is obvious and straightforward, so why are we here? Because petitioner furiously asserts that the 1/10/06 document is binding, and that it is binding on respondent, as it was signed “Jones Apparel Group, Inc. [/s/] By: Stephen I. Simmons, Vice President — Real Estate/Facilities NY.” Petitioner, not without some justification, relies on the law school truism that an agent for an undisclosed principal is bound by any agreement into which it enters. However, there are several flies in this ointment.
First, even if we assume that respondent is, at least theoretically, “bound” by the 1/10/06 document, respondent has no obligations thereunder, as indicated above. Indeed, suppose a contract provides that Smith will perform X and Williams will perform Y, and that the document is signed by Smith and Miller. Logically, either Miller is an agent for Williams, and Williams is bound; or Miller is not an agent for Williams, and Williams is not bound, but as Miller has no obligations under the agreement, it is void for lack of consideration.
Second, petitioner’s point proves too much. The other signature on the 1/10/06 document reads as follows: “Solow Management Corporation C/s/] By: Steven M. Cherniak, Chief Executive Officer.” Here, too, there is no “disclosure” that So-low Management Corporation was acting as an agent for petitioner (a related but separate entity). Indeed, as sauce for the goose is sauce for the gander, if respondent is bound, the instant proceeding has to be dismissed because petitioner (as opposed to Solow Management Corp.) would have no standing to sue.
In passing, and in dicta, this court notes that having (as promised) read the entirety of the parties’ submissions (approaching, if not exceeding, 100 pages), and having heard *331 lengthy oral argument, and having pondered the history and dynamics of the subject lease, the parties, and the premises, the court is convinced that respondent openly signed the 1/10/06 document in a disclosed representative capacity, and not on its own behalf. Interestingly, as late as six weeks ago, invoices {see reply exhibit B) were still being addressed to “Maxwell Shoe Company, Inc.,” an entity that apparently no longer exists, having been bought by Nine West Corp.
This court has considered petitioner’s various other arguments and finds them to be unavailing. For instance, petitioner points out that two preliminary proposals from respondent (cross-moving exhibits J, K) indicate respondent as the “Tenant.” However, these proposals were merely preliminary negotiations; indeed, there is an express disclaimer of any intent that they be considered binding. Filling respondent’s name in the “Tenant” blank, in “holding pattern” fashion, was apparently just the modus operand! of a parent corporation that performed the real estate operations of its subsidiaries.
Petitioner makes much of the fact that respondent was paying some or all of the subject rent. However, this does not create a landlord-tenant relationship (certainly not under the circumstances present here), and in no way prejudiced petitioner. As respondent points out, respondent was paying the rent before January 10, 2006, when respondent clearly was not the tenant. Furthermore, the vast majority (or all) of the rent check stubs (cross-moving exhibit C) submitted by petitioner indicate “Nine West Footw” [sic] as the “business entity,” and none indicate respondent.
Finally petitioner points out that in many respects the terms of the 1/10/06 document are being adhered to, and petitioner argues that respondent has benefitted thereby. However, there is no conduct under the lease (or otherwise) that is “unequivocally referable” to respondent, as opposed to its subsidiary, Nine West Corp.
In the final analysis, you do not become a tenant by agreeing, whether as agent or principal, to amend a lease to which you are not a party, and the amendment of which does not make you a party. Furthermore, the factors that prompt or compel courts to find a party estopped from denying that it assumed obligations to another party under a lease or other contract, such as actual or potential prejudice or fraud or other wrongful conduct, are simply absent here.
Thus, for the reasons set forth herein, the instant motion to dismiss is granted on the ground that the court does not have *332 subject matter jurisdiction over this summary nonpayment proceeding, and the clerk is directed to enter judgment dismissing it.

 “[W]ill amend” may simply be a figure of speech, not suggesting future tense; and “required” does not necessarily mean “for this agreement to be binding.”