Order, Supreme Court, New York County (Melvin L. Schweitzer, J.), entered September 30, 2011, which, in this action to recover amounts due under a settlement agreement resolving a construction contract dispute, insofar as appealed from as limited by the briefs, denied defendant’s motion for summary judgment, unanimously modified, on the law, to grant defendant’s motion to the extent of limiting plaintiffs recovery under paragraph 2 of the settlement agreement to €23,000 (plus VAT), and plaintiff’s claim for recovery under paragraph 3 of the settlement agreement is remanded for a hearing, and otherwise affirmed, without costs.
The plain language of the settlement agreement manifests the parties’ intent to be bound by its terms (see Brown Bros. Elec. Contrs. v Beam Constr. Corp., 41 NY2d 397, 399 [1977]; Henri Assoc. v Saxony Carpet Co., 249 AD2d 63, 66 [1998]). It *434 does not contain an express reservation of the right by either party not to be bound in any respect. It clearly sets forth the price, scope of work to be performed, and time for performance (see T. Moriarty & Son v Case Contr., 287 AD2d 390 [2001]).
Paragraph 2 of the parties’ settlement agreement provides that defendant shall reimburse plaintiff “up to €86,000 (plus VAT) . . . [for] paid bills in the amounts of the allowances and to the parties described in the Revised Base Contract [between plaintiff and nonparty Porthault].” This phrase indicates on its face that plaintiffs recovery under this paragraph is limited to the amount of the allowances for each individual party described in the revised base contract, including the MEP engineer and the structural engineer. The record shows that, pursuant to the revised base contract, the total allowance for the two engineers was €23,000. We agree, however, with defendant that plaintiffs recovery under paragraph 2 of the settlement agreement is limited to €23,000.
Contrary to defendant’s contentions, with regard to paragraph 3 of the settlement agreement, the fact that the parties agreed to negotiate in good faith a completion of a punch list and a rebate to defendant for any work included in the “revised base contract or the amendment, but not actually completed,” does not amount to an expression of a reservation of the right not to be bound. On the contrary, the parties recognized the possibility that negotiations on those issues might fail. The parties prepared for such contingency by providing a ceiling (€200,000 [plus VAT]) of the amount due under the agreement and for compliance with the punch list. Further, in paragraph 4, the parties provided that New World’s sole remedy for resolution of such dispute was a “suit under the settlement agreement,” rather than one under the original and amended construction contract. Moreover, by making an initial payment under the settlement agreement and providing plaintiff a punch list, defendant manifested its intent to be bound by all terms of the settlement agreement (see Bed Bath & Beyond Inc. v IBEX Constr., LLC, 52 AD3d 413 [2008]; T. Moriarty & Son v Case Contr., 287 AD2d 390 [2001]). Questions of fact exist as to the amount plaintiff is owed under paragraph 3 of the settlement agreement. Concur — Tom, J.P., Andrias, Friedman, Moskowitz and Renwick, JJ.