4 LARRY B. MOSHAN, Respondent, v PBM, LLC, Doing Business as PERFECT BUILDING MAINTENANCE, et al., Appellants. [36 NYS3d 445]—

Order, Supreme Court, New York County (Charles E. Ramos, J.), entered on or about November 10, 2015, which denied defendants' motion to dismiss the complaint, unanimously modified, on the law, to grant the motion to the extent of dismissing all claims as against defendant Mager, and the sixth and seventh claims for breach of the implied covenant of good faith and fair dealing and for an accounting as against defendant PBM as indicated herein, and otherwise affirmed, with costs against the defendants. The Clerk is directed to enter judgment dismissing the complaint as against Mager.

Plaintiff seeks damages from defendants, his former employer and its owner, chairman, and CEO, for failure to pay him commissions, allegedly in breach of a commission agreement that was reduced to writing but not signed.

Plaintiff has sufficiently alleged that the commission agreement is a valid and binding contract, and not an unenforceable "agreement to agree" (see Joseph Martin, Jr., Delicatessen v Schumacher, 52 NY2d 105, 109 [1981]). Although the agreement is styled as a "Letter of Intent" and contemplates that a more detailed agreement will be entered into in future, this is not conclusive (see Bed Bath & Beyond Inc. v IBEX Constr., LLC, 52 AD3d 413, 414 [1st Dept 2008]; Hajdu-Nemeth v Zachariou, 309 AD2d 578 [1st Dept 2003]). Plaintiff has alleged sufficient facts to permit a reasonable inference that the parties manifested an intent to be bound by the commission agreement, including by performing in accordance therewith (see Bed Bath, 52 AD3d at 414). The letter of intent also sets forth the material terms of the agreement, i.e., the terms of payment of commissions.

Contrary to defendants' assertion, they have not established by documentary evidence that the commission agreement is subject to the statute of frauds. It is not shown to be a contract for services rendered in "negotiating" a business opportunity under section 5-701 (a) (10) of the General Obligations Law.

Because plaintiff's responsibilities as a salaried PBM employee may have transcended those of a "finder" or "negotiator" of business opportunities, dismissal was not appropriate at this stage (*see Festa v Gilston*, 183 AD2d 525, 526-527 [1st Dept 1992]; *Maemone v Koren-DiResta Constr. Co.*, 45 AD2d 684, 685 [1st Dept 1974]; *Kuo v Wall St. Mtge. Bankers, Ltd.*, 65 AD3d 1089, 1089-1090 [2d Dept 2009]).

Defendants also have not demonstrated conclusively by documentary evidence that the alleged commission agreement is a contract that "[b]y its terms is not to be performed within one year from the making thereof or the performance of which is not to be completed before the end of a lifetime," within the scope of section 5-701 (a) (1) of the General Obligations Law. Contracts that are terminable at will are capable of performance within a year (*Cron v Hargro Fabrics*, 91 NY2d 362, 367 [1998]). This includes commission agreements, but only to the extent they contemplate payment of commissions earned *during* the period of employment (even if paid afterward) (*id.* at 370). Plaintiff asserts that his claims are based only on the commissions he earned while he was employed by defendants and, as so construed, the agreement is capable of completion within one year. However, plaintiff's seventh cause of action, must be dismissed to the extent it seeks an accounting to determine the value of commissions earned posttermination.

Plaintiff's claim for breach of the implied covenant of good faith and fair dealing must also be dismissed as duplicative (*Hawthorne Group v RRE Ventures*, 7 AD3d 320, 323 [1st Dept 2004]). However, it would be premature to dismiss plaintiff's implied contract and quantum meruit/unjust enrichment claims. Where, as here, there is "a bona fide dispute as to the existence of a contract," plaintiff is not required to elect his remedies (*Sabre Intl. Sec., Ltd. v Vulcan Capital Mgt., Inc.*, 95 AD3d 434, 438-439 [1st Dept 2012]).

Finally, defendant Mager must be dismissed from the action. Plaintiff has not alleged that he was employed by Mager directly, nor has he alleged any facts that support piercing PBM's corporate veil (*see* Limited Liability Company Law § 609 [a]; *Retropolis, Inc. v 14th St. Dev. LLC*, 17 AD3d 209, 210-211 [1st Dept 2005]). Concur—Mazzarelli, J.P., Andrias, Richter, Manzanet-Daniels and Kahn, JJ.