Harris v Harris (2021 NY Slip Op 02105)





Harris v Harris


2021 NY Slip Op 02105


Decided on April 06, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 06, 2021

Before: Gische, J.P., Singh, Scarpulla, Mendez, JJ.


Index No. 656962/17 Appeal No. 13465 Case No. 2020-03015 

[*1]Bernice L. Harris et al., Plaintiffs-Appellants,
v
Betsy Harris Also Known as Betsy Savage et al., Defendants-Respondents, Andrew Lichtenstein et al., Defendants-Appellants.


Beys Liston & Mobargha LLP, New York (Nader Mobargha of counsel), for Bernice L. Harris and Allison Harris Schifini, appellants.
Kevin Kerveng Tung, P.C., Flushing (Kevin K. Tung and Daniel Murphy of counsel), for Andrew Lichtenstein and TJ Montana Enterprises, LLC, appellants.
Tamara Harris, respondent pro se.
Agulnick & Gogel LLC, Port Washington (William Gogel of counsel), for Betsy Harris, respondent.



Order, Supreme Court, New York County (Nancy M. Bannon, J.), entered April 30, 2020, which, to the extent appealed from as limited by the briefs, denied plaintiffs' motion for summary judgment on their first cause of action, unanimously reversed, on the law, without costs, the motion granted, and it is declared that, upon the death of nonparty Steven Harris, Bernice Harris succeeded to his membership interest in nominal defendant TJ Montana Enterprises, LLC (TJ). Appeal by nominal defendants Andrew Lichtenstein and TJ unanimously dismissed, without costs, as taken by nonaggrieved parties.
This is a dispute between the widow and marital child of the deceased (plaintiffs), and the person whom the deceased refers to as his "loving partner" and nonmarital child of the deceased (defendants-respondents) over the ownership of part of nominal defendant TJ.
Lichtenstein says that his 50% ownership stake in TJ will be unaffected regardless of the ownership of the stake disputed by plaintiffs and defendants-respondents. The order appealed from did not even determine the ownership of the disputed stake; it merely found issues of fact. Hence, Lichtenstein is not "aggrieved" within the meaning of CPLR 5511 and may not appeal (see e.g. State of New York v Philip Morris Inc., 61 AD3d 575, 578 [1st Dept 2009], appeal dismissed 15 NY3d 898 [2010]).
Contrary to defendants-respondents' claim, the copies of TJ's operating agreement submitted by plaintiffs are admissible. The copy annexed to the affirmation by plaintiffs' counsel, who had no personal knowledge, is admissible "as the vehicle for the submission of acceptable attachments which do provide evidentiary proof in admissible form, e.g., documents" (Zuckerman v City of New York, 49 NY2d 557, 563 [1980] [internal quotation marks omitted]). The copy annexed to Lichtenstein's affidavit is not barred by the Dead Man's Statute (CPLR 4519) because Lichtenstein is not an interested person for the purpose of the statute (see Matter of Press, 30 AD3d 154, 156-157 [1st Dept 2006]; Laka v Krystek, 261 NY 126, 130 [1933]).
Plaintiffs correctly contend that there is no issue of fact as to whether the operating agreement is an unenforceable agreement to agree. The operating agreement did not leave material terms for future negotiations (cf. Joseph Martin, Jr., Delicatessen v Schumacher, 52 NY2d 105, 109 [1981]; see id. at 108 ["the Tenant may renew this lease for an additional period of five years at annual rentals to be agreed upon"] [internal parentheses and quotation marks omitted]). On the contrary, it said, "This agreement shall be retyped and redrawn and prepared in a proper and formal fashion containing the textand substance of this agreement." The fact that the operating agreement referred to a "formal agreement" and "a later time" is not determinative (see e.g. Moshan v PBM, LLC, 141 AD3d 496 [1st Dept 2016]).
While the December 1994 operating agreement refers to a limited liability company or partnership to [*2]be formed to hold title to a particular property, there is no dispute that TJ — a Delaware limited liability company — was formed on December 20, 1994.
None of the discrepancies raised by defendants-respondents affects the provisions at issue. For instance, even if the first three pages of the original operating agreement have faded, the provisions at issue are on pages 5, 6, and 12. Defendants-respondents' counsel had the opportunity to examine the original, and he did not claim that it lacked any of the provisions at issue.
Although the operating agreement is enforceable, it is internally inconsistent. In three places, it says that, upon Steven Harris's death, his wife Bernice shall succeed to his membership interest in TJ. However, another part of the agreement says that Steven may assign his interest to a family member during his life and may elect a family member to be his successor after he dies. Nevertheless, plaintiffs are entitled to summary judgment because Betsy Harris a/k/a Betsy Savage, despite her argument before the motion court, is not — and indeed, in the Respondents' brief does not even claim to be — a family member; although defendant Tamara Harris is a family member, her contingent remainder is not accelerated in this case because the life estate failed (see Matter of Fischer, 307 NY 149, 160 [1954]); and the operating agreement, which is not "an attempted testamentary disposition" (Matter of Hillowitz, 22 NY2d 107, 110 [1968]), prevails over the will.
The provision of the operating agreement that says that membership interests can be assigned or bequeathed only to family members must be upheld (see Achaian, Inc. v Leemon Family LLC, 25 A3d 800, 804 n 14 [Del Ch 2011] ["(O)ne generally is entitled to select his own business associates in a closely held enterprise, like an LLC"]). Lichtenstein "should not be bound to manage and operate an LLC with a co-member with wh[om] [he] never intended or agreed to go into business" (Eureka VIII LLC v Niagara Falls Holdings LLC, 899 A2d 95, 115 [Del Ch 2006]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 6, 2021