Go N.Y. Tours, Inc. v Tour Cent. Park Inc. (2023 NY Slip Op 02457)

Go N.Y. Tours, Inc. v Tour Cent. Park Inc.

2023 NY Slip Op 02457

Decided on May 09, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 09, 2023

Before: Webber, J.P., Kern, Friedman, Mendez, Shulman, JJ. 

Index No. 655689/21 Appeal No. 218 Case No. 2022-04776 

[*1]Go New York Tours, Inc., Plaintiff-Respondent,
v
Tour Central Park Inc., Defendant-Appellant.

Pardalis & Nohavicka, LLP, New York (Eleni Melekou of counsel), for appellant.
Barton LLP, New York (Maurice Ross of counsel), for respondent.

Order, Supreme Court, New York County (Nancy M. Bannon, J.), entered on or about October 7, 2022, which, to the extent appealed from as limited by the briefs, denied defendant's motion for summary judgment dismissing the complaint and granted plaintiff's cross-motion for summary judgment as to liability on its breach of contract claim, unanimously affirmed, with costs.
The court properly found that the parties entered into a binding settlement agreement at the conclusion of mediation, the terms of which were embodied in an email agreement (see Matter of Philadelphia Ins. Indem. Co. v Kendall, 197 AD3d 75, 81 [1st Dept 2021]). The email correspondence is sufficient to embody a settlement agreement since it was authentic and sets forth all material terms (id.).
The settlement agreement specifically stated that it would be "subject to a formalized Settlement Agreement." In analyzing these types of phrases, courts must determine whether the parties have merely come to a preliminary agreement to agree (which is not enforceable), or a binding agreement, by determining whether there has been "an explicit reservation that there would be no contract until the full formal document is completed and executed" (Kowalchuk v Stroup, 61 AD3d 118, 123 [1st Dept 2009]).
Here, the parties' use of the phrase "subject to," standing alone, did not amount to an express reservation of the right not to be bound or a condition precedent to the formation of a binding contract (see Stonehill Capital Mgt. LLC v Bank of the W., 28 NY3d 439, 453 [2016]; Bed Bath & Beyond Inc. v IBEX Constr., LLC, 52 AD3d 413, 414 [1st Dept 2008]). Under these circumstances, the court properly found that the "subject to" language was indicia of the parties' expectation that they would come to a final agreement as a mere formality, not as a condition precedent to a binding settlement agreement. The parties' subsequent actions — including their correspondence with each other, their cocounsel and the court — all indicate their respective understandings that the parties had come to a final settlement agreement resolving the related action in federal court.
We have considered defendant's remaining contentions and find them unavailing. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 9, 2023