**Velentzas v 685 First Realty Co. LLC**

2024 NY Slip Op 30612(U)

February 27, 2024

Supreme Court, New York County

Docket Number: Index No. 161081/2018

Judge: Paul A. Goetz

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    **HON. PAUL A. GOETZ**

*Justice*

PART        47

--------------------------------------------------------------------------------X

FOTIOS VELENTZAS,

                Plaintiff,

        - v -

685 FIRST REALTY COMPANY LLC,EAST RIVER REALTY COMPANY LLC,SOLOW REALTY & DEVELOPMENT COMPANY LLC,SECOND AVE. SOLOW DEVELOPMENT CORP.,

                Defendants.

--------------------------------------------------------------------------------X

685 FIRST REALTY COMPANY LLC, SOLOW REALTY & DEVELOPMENT COMPANY LLC, SECOND AVE. SOLOW DEVELOPMENT CORP.

                Plaintiffs,

        -against-

LIBERTY MECHANICAL CONTRACTORS, LLC, PAR PLUMBING CO., INC.

                Defendants.

--------------------------------------------------------------------------------X

685 FIRST REALTY COMPANY LLC

                Plaintiff,

        -against-

                Defendant.

--------------------------------------------------------------------------------X

LIBERTY MECHANICAL CONTRACTORS, LLC

                Plaintiff,

        -against-

| INDEX NO. | 161081/2018 |
| --- | --- |
| MOTION DATE | 05/16/2023 |
| MOTION SEQ. NO. | 015 |

**DECISION + ORDER ON MOTION**

Third-Party
Index No. 595539/2021

Second Third-Party
Index No. 595642/2021

Third Third-Party
Index No. 595642/2021

---

**161081/2018   VELENTZAS, FOTIOS vs. 685 FIRST REALTY COMPANY LLC**
**Motion No. 015**

Page 1 of 6

[* 1]



Defendant.

-------------------------------------------------------------------------------X

SOLOW REALTY & DEVELOPMENT COMPANY LLC,
SECOND AVE. SOLOW DEVELOPMENT CORP.

Fourth Third-Party
Index No. 595642/2021

Plaintiffs,

-against-

R & J CARPENTRY INC.

Defendant.

-------------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 015) 545, 546, 547, 548, 549, 550, 551, 552, 553, 554, 555, 556, 557, 558, 559, 560, 561, 562, 563, 564, 565, 566, 567, 568, 569, 572, 613, 619, 625, 626, 627, 635, 636, 637, 640, 641, 642, 643, 677, 678, 679, 680, 681, 682, 683, 684, 685, 686, 687, 688, 689, 690, 691, 692, 693, 694, 695, 696, 697, 698, 704, 706, 707, 708, 709, 710, 711, 712, 713, 715, 716, 717, 718, 719, 720

were read on this motion to/for                    JUDGMENT - SUMMARY                    .

Upon the foregoing documents, it is

Second Third-party defendant R & J Construction Corp. ("R & J") moves for summary judgement dismissing the claims against it by defendants/ second third-party plaintiffs 685 First Realty Company LLC, Solow Realty & Development Company LLC, and Second Ave. Solow Development Corp. (collectively "the Developers"). The five causes of action the Developers assert against R & J are breach of contract, contractual indemnification, failure to procure insurance, common law indemnification, and contribution. R & J also moves to dismiss the cross-claims for contribution against it by first third-party defendant Par Plumbing Co. Inc, and second third-party defendant Site Safety Inc.

*Breach of Contract Claims*

In support of dismissal of the first three causes of action for breach of contract, contractual indemnity, and failure to obtain insurance, R & J argues that there never was a

[* 2]

contract between it and the Developers. It is axiomatic that the existence of a contract is a necessary element for these first three claims.[1]

R & J alleges that a contract never existed relying on the deposition testimony by R & J project manager John Neville and Solow Realty & Development Company vice president Anthony Calicchio. Neville testifies that "There was a Letter of Intent and there was a document that went back and forth with a contract that was never officially signed" (NYSCEF Doc No 565 at 14:19-22). R & J uses Calicchio's testimony to authenticate a Letter of Intent which was signed by both parties and note that language in that letter states "From the date of the execution of this Letter of Intent, the Parties agree to negotiate in good faith an agreement for the performance of the Work" (NYSCEF Doc 564). When a letter of intent includes language that indicates "that it will be replaced by a 'contract', [this] reflects the parties' intent not to be bound until an agreement establishing the proposed joint venture is reached" (*Aksman v Xiongwei Ju*, 21 AD3d 260, 262 [1st Dept 2005]). Therefore, R & J has met their prima facie burden for dismissal on the first three claims as they have submitted admissible evidence that a contract did not exist between it and the Developers.

The Developers argue that they have raised an issue of triable fact regarding the existence of a contract by submitting a document they claim to be the Contractor Insurance and Indemnity Agreement (NYSCEF Doc No 642). "A private document offered to prove the existence of a valid contract cannot be admitted into evidence unless its authenticity and genuineness are first

---

[1] "The elements of [a breach of contract claim] include the existence of a contract, the plaintiff's performance thereunder, the defendant's breach thereof, and resulting damages" (*Harris v Seward Park Hous. Corp.*, 79 AD3d 425, 426 [1st Dept 2010]). "Entitlement to full contractual indemnification requires a clear expression or implication, from the language and purpose of the agreement as well as the surrounding facts and circumstances, of an intention to indemnify" (*Martins v Little 40 Worth Assoc., Inc.*, 72 AD3d 483, 484 [1st Dept 2010]). Additionally, in order to succeed on a "claim for failure to procure insurance … [a party must] establish[] that a contract provision requiring the procurement of insurance was not complied with" (*Benedetto v Hyatt Corp.*, 203 AD3d 505 [1st Dept 2022]).

properly established" (*Fairlane Fin. Corp. v Greater Metro Agency, Inc.*, 109 AD3d 868, 870 [2d Dept 2013]). "The authenticity of a document may be established by submitting the document with a certificate of acknowledgment" (*id.*). A document which is not properly authenticated is not admissible and therefore cannot be considered on a summary judgment motion (*Clarke v Am. Truck and Trailer, Inc.,* 171 AD3d 405 [1st Dept 2019]).

Here, the Developers failed to authenticate the document or the signature they allege was signed by John Neville. Therefore, the Developers have failed to rebut R & J's prima facie showing that no contract existed between R & J and the Developers. Accordingly, R & J will be granted summary judgment on the Developers' breach of contract, contractual indemnification, and failure to obtain insurance claims.

*Common Law Indemnification*

"Liability for indemnification may only be imposed against those parties (i.e., indemnitors) who exercise actual supervision" (*McCarthy v Turner Const., Inc.*, 17 NY3d 369, 378 [2011]). A party establishes its prima facie entitlement to dismissal of a common law indemnification claim when it "demonstrat[es] that it did not actually direct or supervise the plaintiff's work" (*Debennedetto v Chetrit*, 190 AD3d 933, 938 [2d Dept 2021]). R & J has established that it did not exercise actual supervision over plaintiff and the Developers have not submitted any evidence to rebut R & J's showing. Accordingly, R & J will be granted summary judgment on the Developer's claim for common law indemnification.

*Contribution*

To succeed on a contribution claim a party must show a "breach of duty by the contributing party must have had a part in causing or augmenting the injury for which contribution is sought" (*Nassau Roofing & Sheet Metal Co., Inc. v Facilities Dev. Corp.*, 71

NY2d 599, 603 [1988]). A party meets "its prima facie burden of establishing … entitlement to judgment as a matter of law by submitting evidence demonstrating that [it] did not perform any work … where the accident occurred, and did not create the allegedly defective condition which caused the plaintiff's injuries. (*Sand v City of New York*, 83 AD3d 923, 925 [2d Dept 2011]) R & J submitted evidence that shows they did not start working on the 23rd floor, where the accident occurred, until after the accident (NYSCEF Doc 565 at 48:2 – 50:25; NYSCEF Doc No 566). Therefore, R & J has established prima facie entitlement to dismissal of the contribution claims against it.

Neither the Developers, PAR Plumbing, nor Site Safety, have presented any evidence which creates a triable issue of fact to refute that R & J did not perform work on the 23rd floor prior to the accident occurring. Accordingly, the contribution claims and cross-claims against R & J must be dismissed.

Based on the foregoing, it is

ORDERED that R & J's motion for summary judgment is granted in its entirety and all claims and cross-claims against them are dismissed, with costs and disbursements to R & J as taxed by the Clerk of the Court, and the Clerk is directed to enter judgment accordingly in favor of R & J; and it is further

ORDERED that the action is severed and continued against the remaining defendants; and it is further

ORDERED that the caption be amended to reflect the dismissal and that all future papers filed with the court bear the amended caption; and it is further

ORDERED that counsel for the moving party shall serve a copy of this order with notice of entry upon the Clerk of the Court and the Clerk of the General Clerk's Office, who are directed to mark the court's records to reflect the change in the caption herein; and it is further

ORDERED that such service upon the Clerk of the Court and the Clerk of the General Clerk's Office shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases* (accessible at the "E-Filing" page on the court's website)].

20240227114028PG0ETZ198B8539A2FAD49EA801BBD4A8BB77A77

__2/27/2024__
**DATE**

**PAUL A. GOETZ, J.S.C.**

| CHECK ONE: | | | | |
|---|---|---|---|---|
| | CASE DISPOSED | | X | NON-FINAL DISPOSITION |
| X | GRANTED | DENIED | | GRANTED IN PART | OTHER |
| APPLICATION: | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |